This is a "slip and fall" case.
The dispositive issue is whether the evidence produced on behalf of the plaintiff, Daisy Brown, was sufficient to support the trial court's finding of negligence on the part of the defendant, Winn-Dixie. We find such evidence was insufficient and that the plaintiff failed to prove a prima facie case of negligence. Therefore the judgment below must be reversed.
In slip and fall cases, as in all negligence cases, the plaintiff had the burden of establishing by the evidence the negligence of the defendant. 15 Ala.Dig., Negligence, Key No. 121.1 (8). The evidence of the plaintiff as to the issue of negligence consisted of the following:
Brown was shopping for groceries at Winn-Dixie in Bay Minette, Alabama, on Saturday morning, November 18, 1979. While pushing a grocery cart down the aisle in the store's produce section, she slipped and fell on what she assumed were vegetable trimmings. She didn't see the trimmings before she fell. She did see green trimmings on the floor after she fell. She was wearing "anti-skid" soled shoes. An employee of Winn-Dixie was nearby at the time of the incident. Other customers were in the vicinity. She was injured.
It is well settled that the duty upon the storekeeper, in a case such as this, is to exercise reasonable care in providing and maintaining reasonably safe premises for the use of the customer. Foodtown Stores, Inc. v. Patterson, 282 Ala. 477,213 So.2d 211 (1968). The storekeeper is not an insurer of the customer's safety while on the premises, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. Delchamps, Inc. v. Stewart, 47 Ala. App. 406,255 So.2d 586, cert. denied 287 Ala. 729, 255 So.2d 592 (1971).
As the burden of showing negligence rests with the plaintiff, it is necessary to prove: (a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance's presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. S.H. Kress Co. v. Thompson, 267 Ala. 566,103 So.2d 171 (1957).
In the instant case, plaintiff offered no evidence that the defendant had actual notice of the vegetable trimmings being on the floor at the time of the incident. (The evidence offered was only to the effect that an employee was nearby at the time of the incident. See, May-Bilt, Inc. v. Deese, 281 Ala. 579,582, 206 So.2d 590, 593.) She offered no evidence from which it might reasonably be inferred that the store was delinquent in not discovering and removing the offending substance. (No evidence was produced as to any failure to sweep, clean or observe the floors at regular intervals. See, Delchamps, Inc.v. Stewart, supra.) No evidence was offered to support a claim *Page 51 
that the trimmings had been on the floor a sufficient length of time to impute constructive notice to defendant. (The only evidence in this regard was obtained by defendant's examination of plaintiff wherein she stated that the trimmings appeared fresh and green. No other evidence as to the nature or condition of the foreign substance was forthcoming. See,Foodtown Stores, Inc. v. Patterson, supra.)
In short, the plaintiff offered no evidence from which it might reasonably be inferred that the defendant-store acted negligently. The presence of vegetable matter on the floor does not of itself show a lack of reasonable care. No presumption of negligence arises from the mere fact of injury to an invitee.F.W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667 (1940).
The mere possibility that negligence caused an injury, without evidence, is not sufficient to support a verdict.Marshall Durbin Company v. Hartley, 392 So.2d 240 (Ala.Civ.App. 1980). For the failure of the evidence to support the judgment of the trial court, that judgment must be reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.