Martha Clayton and her husband William R. Clayton appeal from a judgment entered on a directed verdict in favor of the defendant, the Kroger Company, in an action for negligence. We affirm.
On July 6, 1979, Martha Clayton tripped and fell on a wrinkled or raised floor mat located in front of the entrance to a Kroger store. She asserts that the fall resulted from Kroger's negligence in placing the mat or allowing it to wrinkle or protrude in the doorway. She testified that she thought she was watching where she was going, but that she did not see the raised place in the mat before she fell. After she had fallen, she said, she looked at the mat and saw a wrinkle or raised place of about ten inches in height. There was further testimony from both Claytons that at the time of the fall it was dark in the parking lot and the entrance way was dimly lit. The accident occurred between 7:20 P.M. and 7:40 P.M. However, the court took judicial notice of the fact that it was not dark at that hour on July 6, which was approximately two weeks after the longest day of the year. Martha Clayton sued for damages for her personal injuries resulting from the fall, and her husband William sued for loss of consortium and services of his wife and for medical expenses incurred in providing treatment for his wife.
Storekeepers, such as Kroger, have a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customer's safety, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of his servants or employees. Actual or constructive notice of the presence of the offending substance or condition must be proven before the proprietor can be held responsible for the injury. Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874
(Ala. 1982); cf. Tice v. Tice, 361 So.2d 1051 (Ala. 1978).
There is no evidence in the record that Kroger caused the mat to be wrinkled or knew that it was wrinkled. Nor was there any evidence to show that the mat had been wrinkled for an inordinate length of time so as to impute constructive notice.
Reviewing the record in its entirety in a light favorable to the Claytons, we find no evidence which would establish any negligence on the part of Kroger which proximately caused the accident and injuries sustained. Therefore, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 846