This appeal is from a summary judgment granted in favor of the defendant in an action for personal injuries sustained by plaintiffs as the result of a slip and fall in defendant's store. For the reasons set out below, we affirm.
The suit was filed in 1986 by Ollie Mae Richardson and her husband, Franklin Richardson, against the Kroger Company. InCount I of their complaint, the Richardsons alleged that, as the result of the negligent or wanton conduct of Kroger, Mrs. Richardson was caused to slip and fall on the premises of Kroger's Florence, Alabama, store and thereby suffer numerous injuries. Count II contained a claim by Mr. Richardson for loss of consortium. Kroger denied the allegations and raised the defense of contributory negligence. Kroger subsequently moved for summary judgment, which was granted. The facts as alleged by the parties are as follows:
On January 6, 1986, plaintiffs were shopping for groceries at a Kroger supermarket in Florence, Alabama. While walking along an aisle of the store, Mrs. Richardson slipped on some hard candy that was on the floor, and as a result of the fall she sustained a broken back. She did not see the candy on the floor before she fell.
On the day of the accident, Kroger had displayed bags of hard candy. The candy was sealed in "zip-lock" plastic bags and these bags of candy were stacked in a shopping cart parked in the aisle.
In support of its motion for summary judgment, Kroger submitted the affidavit of Terry Jackson, the store manager, and Pamela Holt, an employee who worked in the produce department, the area in which the displayed candy was located. Jackson stated that employees in the produce department generally swept, mopped, and checked the floor area throughout the day and that when employees observed food items on the floor they would see that those items were immediately removed. Holt stated that she was employed in the produce department of Kroger on the day of Mrs. Richardson's accident; that in addition to making casual spot checks, she checked the floor area around the produce department every 30 to 40 minutes specifically looking for any debris, food items, or spills on the floor; that she had made just such a check 15 to 20 minutes prior to Mrs. Richardson's fall; and that she had been in the produce area 5 to 10 minutes before the accident and did not notice anything on the floor.
Before determining whether summary judgment was proper in this case, it is necessary to review the nature of a storekeeper's duty to his patrons. It is well settled that a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers. Clayton v. Kroger Co., 455 So.2d 844 (Ala. 1984). As this Court stated in Clayton, "[T]he storekeeper is not an insurer of the customer's safety, but is liable for injury only in the *Page 936 
event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of his servants or employees." 455 So.2d at 845.
In Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49
(Ala.Civ.App. 1981), the Court of Civil Appeals correctly summarized the traditional burden of proof a plaintiff must carry in a slip and fall case, as follows: it is necessary for the plaintiff to prove
 "(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance's presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. S.H. Kress Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957)."
394 So.2d at 50. See also, May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590 (1967).
A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A.R.Civ.P. 56; Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala. 1981). The burden is thus upon the moving party to clearly show that there is no material fact in dispute, and all reasonable inferences from the facts are to be viewed most favorably to the non-movant. Butler, supra; Fountain v. Phillips,404 So.2d 614 (Ala. 1981); Campbell v. Alabama Power Co., 378 So.2d 718
(Ala. 1979).
The affidavits of the two Kroger employees tended to show that the defendant had neither actual nor constructive notice that candy was on the floor where Mrs. Richardson fell. Furthermore, these sworn statements indicate that neither the defendant nor its employees were delinquent in failing to discover and remove the candy that had fallen to the floor.
Although the burden of proof on motion for summary judgment is on the movant to show that there is lacking any genuine issue of material fact, once a prima facie showing of that is made, it then becomes the responsibility of the opposing party to produce evidence to the contrary. Holliyan v. Gayle,404 So.2d 31 (Ala. 1981); Whatley v. Cardinal Pest Control,388 So.2d 529 (Ala. 1980). Upon the submission of the affidavits of the two Kroger employees, which tended to show the absence of any negligence on the part of Kroger in maintaining its premises, the burden was shifted to the Richardsons to present at least a scintilla of evidence to the contrary.
In opposition to the summary judgment motion, the plaintiffs submitted two affidavits — their own.[1] Nothing in either affidavit shows any fact or circumstance tending to show that Kroger had either actual or constructive notice that candy was on the floor of its store or that Kroger was somehow negligent in failing to promptly discover and remove the candy from its floor. The Richardsons merely restate the allegations of their complaint and add the theory that a showing of notice is not necessary because the manner in which the candy was bagged and stacked in the shopping cart was inherently dangerous. Plaintiffs reiterate this argument in their brief, and their position can be narrowed to the argument *Page 937 
that the packaging of loose candy in zip-lock bags and displaying it in a wire shopping cart creates such a reasonably foreseeable risk of harm to invitees as to relieve a plaintiff of the burden of showing notice.
In support of their position, the plaintiffs cite several cases from jurisdictions that have abrogated or modified the traditional notice requirement in slip and fall cases. See Annot., "Store or Business Premises Slip and Fall: Modern Status or Rules Requiring Showing of Notice of Proprietor of Transitory Interior Condition Allegedly Causing Plaintiff's Fall," 85 A.L.R.3d 1000 (1978). These cases can be divided into three categories. One class of cases merely shifts the burden of proof to the store owner to show lack of notice and/or the exercise of reasonable care once the customer shows a fall resulting from a foreign object on the floor. See, e.g.,Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La. 1976). Another line of cases holds that where the store owner has actual notice of a recurring dangerous condition on the store premises, the store owner is deemed to have constructive notice of the specific condition causing the plaintiff's fall. See, e.g. Hetzel v. Jewel Companies, Inc., 457 F.2d 527 (7th Cir. 1972), overruled on other grounds by United States v.Hollinger, 553 F.2d 535 (7th Cir. 1977). A third group holds that the plaintiff is not required to show notice where the circumstances are such as to create the reasonable probability that the specific dangerous condition would occur. See, e.g.,Bloom v. Fry's Food Stores, Inc., 130 Ariz. 447, 636 P.2d 1229
(Ct.App. 1981). The theory behind all of these cases is that merchandising methods that involve unassisted customer selection, popularly known as self-service marketing or shopping, create foreseeable problems with dropped or spilled merchandise, and therefore, that the store owner's standard of due care is somewhat higher, depending on the circumstances of the case, i.e., the type of dangerous condition involved.
Appellants place great reliance on Lingerfelt v. Winn-DixieTexas, Inc., 645 P.2d 485 (Okla. 1982). Lingerfelt is representative of the trend toward dispensing with the notice requirement, but it added a different twist to the analysis. In that case, the court held that the traditional requirement of notice to the storekeeper need not be proved in situations where negligence is alleged in the display and packaging of goods. The plaintiff in Lingerfelt slipped and fell on some strawberries on the floor of defendant's store. She alleged that the defendant was negligent in selling strawberries in unwrapped containers and heaped so high that they could easily fall to the floor. She argued that notice should not be required because of what she called an inherent hazard in the defendant's method of packaging and displaying strawberries given customers' habits. It is noteworthy that the plaintiff's fall occurred in a part of the store other than that where the strawberries were on display.
In response to the defendant's argument that it could be held liable only if it had actual or constructive notice that the strawberries had fallen on the floor, the court inLingerfelt held:
 "When a shopper has shown that circumstances were such as to create the reasonable probability that a dangerous condition (e.g. uncovered, heaped strawberries), would occur, the invitee need not also prove that the business proprietor had notice of the specific hazard (spilled strawberries) in order to show the proprietor breached his duty of due care to the invitee. Bozza v. Vornado, Inc., 42 N.J. 335, 200 A.2d 777 (1964)."
645 P.2d at 488. The Court concluded as follows:
 "We hold simply that when an invitor creates such a foreseeable, unreasonable risk, whether by the direct act of an employee or by his own indirect carelessness or negligence, he is liable for the consequences thereof and Shopper need not prove notice of the specific condition thus created."
Lingerfelt, 645 P.2d at 489.
Three justices dissented in Lingerfelt. The dissenting opinion made several points relevant to the present inquiry. First, the dissent argued that there was nothing inherently *Page 938 
or obviously dangerous in a display of strawberries in unwrapped containers:
 "There is no reason that Winn-Dixie should have anticipated that such a display of strawberries in an unwrapped condition would be a source of danger to invited persons who would expect to find in the store conditions which would naturally attend the manner in which the business was openly and visibly carried on. There was no hidden danger here. There was nothing inherently or obviously dangerous in the strawberr[y] display. Displays of fruits and vegetables including the strawberry display [were] entirely visible and obvious to an invitee."
Lingerfelt, 645 P.2d at 491. Second, because there was no evidence as to how the strawberries got on the floor, the dissent argued that even if the method of displaying the strawberries was negligent, there was no proximate causal relationship between that negligence and the plaintiff's injury. The dissent concluded that to impose liability under such circumstances is tantamount to imposing no fault liability and requiring storekeepers to be insurers of their customers' safety.
While we share the Lingerfelt dissenters' concern with the proximate cause issue, we choose to retain our traditional analysis, which focuses on the storekeeper's duty of care. As Kroger correctly points out in its brief, in a slip and fall case that focus is on whether the defendant acted reasonably in discovering and removing foreign objects from the floor. To shift the inquiry to the storekeeper's chosen method of displaying and packaging goods would place an unreasonable burden on storekeepers.
It simply would not be reasonable to require storekeepers to make it impossible for food items to fall on the floor. Nor, do we think, would such a result be possible. We agree with the court in Adriance v. Henry Duncan Corp., 291 Mass. 202,196 N.E. 906, 907 (1935): "Some latitude must be allowed to the proprietor of a store to display goods in a manner consistent with the nature of the goods and of the business."
This is not to say, however, that a particular method of display is never relevant in a slip and fall case. Under certain circumstances, a particular method of display may require more diligence of a storekeeper in order to meet his standard of due care, as by mandating more frequent inspections or the use of no-skid mats.
Suffice it to say that even if we were to accept the plaintiffs' theory, it would have no application under the facts of the present case. We see nothing inherently dangerous in placing candy in zip lock bags or in displaying such bags of candy in grocery carts; the plaintiffs have presented no evidence that would support such a conclusion.
When a motion for summary judgment is made and is supported as provided in Rule 56, A.R.Civ.P., the opposing party may not rest upon the mere allegations of his pleadings, but must submit facts controverting those facts presented by the moving party. Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala. 1981); Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala. 1977). Moreover, affidavits submitted in support of, or in opposition, to a motion for summary judgment must be made on personal knowledge and must set forth facts to show that the evidence would be admissible as testimony to contradict the movant's evidence. Butler, supra. Arrington v. Working Woman'sHome, 368 So.2d 851 (Ala. 1979). The scintilla evidentiary rule cannot be satisfied by speculation; the evidence presented must furnish at least a reasonable inference in favor of the opponent. Butler, supra; Arrington, supra. It is apparent that the Richardsons' affidavits do not meet this test.
The affidavits of the Kroger employees made a prima facie showing that the store was maintained in a safe condition. Where the movant has made such a prima facie showing, if the opposing party fails to produce evidence to controvert that prima facie showing, summary judgment may be entered against the non-moving party. Isbell v. Alabama Power Co.,477 So.2d 281 *Page 939 
(Ala. 1985); Denniston Co. v. Jackson, 468 So.2d 170
(Ala.Civ.App. 1985). Because the plaintiffs presented no facts controverting those presented by the defendant, the summary judgment was properly granted.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.
[1] From the record, we discern that Kroger submitted the depositions of the Richardsons in addition to the affidavits of Jackson and Holt in support of its motions for summary judgment. In opposition, the Richardsons submitted their own affidavits, in addition to "the discovery in this cause." For some reason, the depositions of the Richardsons were not made a part of the record on this appeal. Also, there is some indication that the plaintiffs' affidavits are in conflict with their prior deposition testimony. Because these depositions were not made a part of the record and also because of the conclusion we reach in this cause, it is not necessary for us to consider the defendant's apparent argument that the plaintiffs' affidavits should not even be considered in support of their opposition to the summary judgment motion. See Van T.Junkins Associates, Inc., v. U.S. Industries, Inc.,736 F.2d 656 (11th Cir. 1984); Lady Corinne Trawlers, Inc. v. ZurichIns. Co., 507 So.2d 915 (Ala. 1987).