The plaintiff, Louise M. Cox, appeals from a summary judgment entered in favor of the defendant, Western Supermarkets, Inc., in her action to recover damages for personal injuries sustained in a slip and fall accident at the defendant's store. She alleged that the defendant had negligently maintained the floor at its supermarket and that its negligence had caused her injuries. We reverse and remand.
On a Sunday afternoon in 1985, the plaintiff was shopping at Western Supermarket in Hoover, Alabama. While walking through the produce department, she slipped and fell on a slippery spot, and, as a result, she suffered an injury to her right foot. Prior to her fall, she said, she had observed the floor and that it appeared to be clear. She said that after her fall she saw nothing on the floor that could have caused her injury, but that she felt a small wet spot on the right seat of her pants. It is undisputed that no one ever saw or discovered anything on the floor. The produce section required ice to ensure the freshness of the vegetables. Periodically, and on this particular day, ice was transported to this area from the back of the store and was placed directly on the produce shelves. Special rubber mats were placed in the produce aisle to keep the area clean and dry. Furthermore, store employees were responsible for maintaining the produce section and for inspecting the floor in this area to ensure that it was clean and dry. The store manager, Harold Randall Winslett, arrived at work at 12:00 noon on the day in question and assumed his duty of walking the floor of the entire store on a periodic basis to ensure a safe store condition.
 "It is well settled that a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers. Clayton v. Kroger Co., *Page 832 455 So.2d 844 (Ala. 1984). As this Court stated in Clayton, '[T]he storekeeper is not an insurer of the customer's safety, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of his servants or employees.' 455 So.2d at 845.
 "In Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49 (Ala.Civ.App. 1981), the Court of Civil Appeals correctly summarized the traditional burden of proof a plaintiff must carry in a slip and fall case, as follows: it is necessary for the plaintiff to prove
 " '(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance's presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. S.H. Kress Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).'
 394 So.2d at 50. See also, May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590 (1967)."
Richardson v. Kroger Co., 521 So.2d 934, 935-36 (Ala. 1988).
A summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Kizziah v. Golden RuleInsurance Co., 536 So.2d 943 (Ala. 1988); Autrey v. BlueCross-Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985). This action was pending on June 11, 1987; therefore, Ala. Code 1975, § 12-21-12, as amended, does not apply and the applicable standard is the "scintilla rule."
We have thoroughly reviewed the transcript and studied the briefs filed by the parties. Viewing the testimony in a light most favorable to the plaintiff, and searching that testimony for a scintilla of evidence of what the plaintiff must prove in order to meet her burden of proof, we find that scintilla; we cannot hold as a matter of law that there was no foreign substance on the floor or that, if there was, the defendant was, as a matter of law, not delinquent in failing to discover and remove it. The resolution of this matter is for the trier of fact, who may find that there was no foreign substance on the floor or, if there was, that the defendant was not delinquent in failing to discover and remove it before the plaintiff fell, but that is the responsibility of the trier of fact. Therefore, we reverse and remand.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.