565 So.2d 12 (1990)
Creola KING
v.
WINN-DIXIE OF MONTGOMERY, INC.
89-31.
Supreme Court of Alabama.
March 23, 1990.
Rehearing Denied June 22, 1990.
Ronnie L. Williams, Mobile, for appellant.
James E. Robertson, Jr. of Lyons, Pipes & Cook, Mobile, for appellee.
JONES, Justice.
This is an appeal from a summary judgment entered in favor of the defendant, Winn-Dixie of Montgomery, Inc. The plaintiff, Creola King, was injured in a slip and fall accident that occurred on the defendant's premises, and she sued Winn-Dixie for her personal injury. We affirm in part, reverse in part, and remand.
On February 19, 1988, Ms. King entered a Winn-Dixie grocery store in Mobile, Alabama. After walking across a doormat at the front entrance, she slipped and fell at a point where there was water on the floor, injuring her right wrist and hip. She alleged that there was nothing unusual about the doormat. The Winn-Dixie store manager, Derrick Johnson, testified that when he inspected the floor following Ms. King's fall, he found water on it. He further testified that it was store policy for the floors to be "mopped" every 30 minutes on rainy days. It was raining on the day of, and at the time of, the accident. The assistant manager, Alfred Murphy, testified that it was store policy for the floors to be checked every 30 minutes if the weather is clear. He further testified that the floors are checked "as needed" during inclement weather. Ms. King alleged that Winn-Dixie was negligent in the maintenance of its floor and was wanton in failing to warn her of a dangerous condition of its floor. Winn-Dixie moved for summary judgment, and Ms. King filed a response, supported by an affidavit. The trial court entered summary judgment in favor of Winn-Dixie.
The only issue presented is whether, under these circumstances, the summary judgment was proper. Rule 56, A.R.Civ.P., sets forth a two-tier standard for entering summary judgment. That rule requires the trial court to determine 1) *13 that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. The action in the present case was commenced after June 11, 1987; therefore, the applicable standard of review is the "substantial evidence rule." Ala.Code 1975, § 12-21-12.
"Before determining whether summary judgment was proper in this case, it is necessary to review the nature of a storekeeper's duty to his patrons. It is well settled that a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers. Clayton v. Kroger Co., 455 So.2d 844 (Ala.1984). As this Court stated in Clayton, `[T]he storekeeper is not an insurer of the customer's safety, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of his servants or employees.' 455 So.2d at 845.
"In Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49 (Ala.Civ.App.1981), the Court of Civil Appeals correctly summarized the traditional burden of proof a plaintiff must carry in a slip and fall case, as follows: it is necessary for the plaintiff to prove
"`(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance's presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).'
394 So.2d at 50. See, also, May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590 (1967)."
Richardson v. Kroger Co., 521 So.2d 934, 935-36 (Ala.1988).
The facts in this case, although somewhat stronger, parallel the facts in Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala.1989).[1] In Cox, the plaintiff, while walking down the grocery store aisle next to the produce department, slipped and fell on a slippery spot, and as a result, suffered an injury to her right foot. The only evidence that the plaintiff presented that could possibly shed light as to why Cox fell was that after the fall there was a small wet spot "on the right seat of her pants." It was undisputed that no one ever found anything on the floor that would indicate why the plaintiff fell. In Cox, this Court stated, "[W]e cannot hold as a matter of law that there was no foreign substance on the floor or that, if there was, the defendant was, as a matter of law, not delinquent in failing to discover and remove it." Cox, supra, at 832.
In the case at bar, it is without dispute that at the time of the accident there was water on the floor at the entrance door. Winn-Dixie contends that the evidence presented by the plaintiff does not rise to the level of indicating a breach of duty owed by Winn-Dixie to its invitees. However, as in Cox, "[v]iewing this testimony in a light most favorable to the plaintiff," we cannot say, as a matter of law, that the defendant was not "delinquent" in failing to discover the water and mop it up before the plaintiff fell. The resolution of the negligence claim involves factual questions, and that claim should therefore be resolved by a jury. We hold that the trial court did not err in entering the summary judgment as to the wantonness claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
HOUSTON, J., concurs in part and concurs in the result in part.
HOUSTON, Justice (concurring in part and concurring in the result in part).
*14 I concur in the holding regarding wantonness and concur in the result as to the holding regarding negligence.
I know Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala.1989), and this case is no Cox v. Western Supermarkets, Inc. This case involves a storekeeper's duty in regard to rainwater at the entrance of a store. Chief Justice Torbert's opinion for a unanimous court in Terrell v. Warehouse Groceries, 364 So.2d 675, 677 (Ala.1978), correctly states a storekeeper's duty in regard to rainwater; this was Winn-Dixie's duty in this case:
"From an examination of these cases, it appears that although a storekeeper owes a customer a duty to exercise reasonable care to maintain the premises in a safe condition, where the foreign substance is rain water tracked in by customers and in the absence of unusual accumulations, due care does not require that a storekeeper keep the floor completely free of water. When it rains, surfaces naturally become more slippery than usuala fact with which a customer is sufficiently familiar. To require a storekeeper to keep a floor completely dry during a rainstorm or to hold him responsible for every slick place due to tracked-in rain water would impose an unreasonable standard of care and would, in effect, make him an insurer of the customer's safety. Of course, each case must be examined in light of its particular circumstances, and where there are unusual accumulations of rain water or other circumstances, due care may require that the storekeeper take affirmative measures such as mopping, applying anti-slip compounds, or posting warnings."
Because there was some evidence of an unusual accumulation of rainwater (Ms. King in her affidavit stated, "I slipped and fell in a puddle of water on the floor ... at the front entrance of the store"), there was a factual question as to whether Winn-Dixie should have taken more affirmative measures than it had taken before Ms. King fell. The issue of Ms. King's contributory negligence as a ground for summary judgment was not argued by Winn-Dixie in support of its motion for summary judgment, although it had been pleaded as an affirmative defense. This is understandable, given this Court's recent aversion to holdings of contributory negligence as a matter of law. See Central Alabama Elec. Co-Op v. Tapley, 546 So.2d 371 (Ala. 1989) (Houston, J., dissenting at 383-85), and Johnson v. Niagara Machine & Tool Works, 555 So.2d 88 (Ala.1989) (Houston, J., concurring in part and dissenting in part at 94-97). However, it appears to me that the only evidence that makes breach of duty a factual question in this case establishes contributory negligence.
I was the author of Cox v. Western Supermarkets, Inc., supra, which I originally wrote to affirm, but changed after I could not obtain five votes. Ultimately, I was persuaded that under the scintilla rule, which was applicable in Cox, I could not hold that there was not at least a barely perceptible manifestation of evidence (i.e., a scintilla) from which a jury could reasonably infer that an errant piece of ice was caused to be on the floor by lack of due care of the defendant and that this caused Ms. Cox to slip and fall. Cox should not be extended beyond its facts. If it is, it is being wrongly construed and should be overruled or expressly limited in its application.
NOTES
[1] The "scintilla rule" was the applicable standard of review in Cox.