I concur in the holding regarding wantonness and concur in the result as to the holding regarding negligence.
I know Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala. 1989), and this case is no Cox v. Western Supermarkets, Inc.
This case involves a storekeeper's duty in regard to rainwater at the entrance of a store. Chief Justice Torbert's opinion for a unanimous court in Terrell v. Warehouse Groceries,364 So.2d 675, 677 (Ala. 1978), correctly states a storekeeper's duty in regard to rainwater; this was Winn-Dixie's duty in this case:
 "From an examination of these cases, it appears that although a storekeeper owes a customer a duty to exercise reasonable care to maintain the premises in a safe condition, where the foreign substance is rain water tracked in by customers and in the absence of unusual accumulations, due care does not require that a storekeeper keep the floor completely free of water. When it rains, surfaces naturally become more slippery than usual — a fact with which a customer is sufficiently familiar. To require a storekeeper to keep a floor completely dry during a rainstorm or to hold him responsible for every slick place due to tracked-in rain water would impose an unreasonable standard of care and would, in effect, make him an insurer of the customer's safety. Of course, each case must be examined in light of its particular circumstances and where there are unusual accumulations of rain water or other circumstances, due care may require that the storekeeper take affirmative measures such as mopping, applying anti-slip compounds, or posting warnings."
Because there was some evidence of an unusual accumulation of rainwater (Ms. King in her affidavit stated, "I slipped and fell in a puddle of water on the floor . . . at the front entrance of the store"), there was a factual question as to whether Winn-Dixie should have taken more affirmative measures than it had taken before Ms. King fell. The issue of Ms. King's contributory negligence as a ground for summary judgment was not argued by Winn-Dixie in support of its motion for summary judgment, although it had been pleaded as an affirmative defense. This is understandable, given this Court's recent aversion to holdings of contributory negligence as a matter of law. See Central Alabama Elec. Co-Op v. Tapley, 546 So.2d 371
(Ala. 1989) (Houston, J., dissenting at 383-85), and Johnson v.Niagara Machine Tool Works, 555 So.2d 88 (Ala. 1989) (Houston, J., concurring in part and dissenting in part at 94-97). However, it appears to me that the only evidence that makes breach of duty a factual question in this case establishes contributory negligence.
I was the author of Cox v. Western Supermarkets, Inc., supra, which I originally wrote to affirm, but changed after I could not obtain five votes. Ultimately, I was persuaded that under the scintilla rule, which was applicable in Cox, I could not hold that there was not at least a barely perceptiblemanifestation of evidence (i.e., a scintilla) from which a jury could reasonably infer that an errant piece of ice was caused to be on the floor by lack of due care of the defendant and that this caused Ms. Cox to slip and fall. Cox should not be extended beyond its facts. If it is, it is being wrongly construed and should be overruled or expressly limited in its application.