This is an appeal from a summary judgment entered in favor of the defendant, W.E. Walker, Inc., doing business as Bill's Dollar Store. The plaintiff, Alice G. Cuevas, claims to have been injured in a slip and fall accident upon the defendant's premises as a result of defendant's negligence.
In the late afternoon of October 3, 1987, Mrs. Cuevas went shopping at the Bill's Dollar Store in Jackson, Alabama. She was accompanied by her adult ward, two minor children, Sandra Turner, and Turner's minor daughter. Plaintiff testified by deposition that she went to the store to look at shoes and to purchase a "jam box" (a radio-tape cassette player). She stated that she spent approximately 10 minutes making her selection. After selecting the jam box that she planned to purchase, she *Page 177 
walked toward the cashier. Her complaint alleges that she tripped over an electrical extension cord stretched across the aisle and fell, injuring herself as a result.
Mrs. Cuevas testified that her fall rendered her unconscious temporarily, and that she was taken to a hospital and was released later that evening. She filed suit against the defendant, alleging that it had negligently and/or wantonly caused or allowed a dangerous condition to exist on the premises of the Bill's Dollar Store without a warning that the dangerous condition existed. The defendant answered, denying her allegations and asserting the affirmative defense of contributory negligence and payment of medical expenses. The defendant later moved for summary judgment based on the pleadings; the depositions of the plaintiff and Sandra Turner; the affidavit of Margaret Patrick, the defendant's store manager; and a supporting brief. In opposition to the defendant's motion for summary judgment, the plaintiff relied on her own deposition, the deposition of Sandra Turner, and the affidavit of William Joseph Cuevas, as well as a supporting brief.
The trial court entered a summary judgment for the defendant, W.E. Walker, Inc., and made it final under Rule 54(b), A.R.Civ.P. Mrs. Cuevas appeals. We reverse.
On appeal from a summary judgment, we must evaluate the evidence presented to the trial court and ascertain, in light of the "substantial evidence rule," whether there were any genuine issues of material fact due to be decided by a jury.[1] See Bogue v. R. M. Grocery, 553 So.2d 545 (Ala. 1989). Rule 56, A.R.Civ.P., sets forth a two-tiered standard for summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. All reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. Cox v. Western Supermarkets,Inc., 557 So.2d 831, 832 (Ala. 1989). Rule 56 was read in conjunction with the "scintilla rule of evidence" in actions commenced on or before June 11, 1987; it is read in conjunction with the "substantial evidence rule" for actions filed after that date. See § 12-21-12, Ala. Code 1975; Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989).
The evidence presented by Mrs. Cuevas shows her to have been a business invitee upon the Bill's Dollar Store premises at the time of her accident, and as such, she was owed a duty by the store owner to exercise reasonable care in maintaining the premises in a reasonably safe condition. "It is well settled that a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers." Cox v. Western Supermarkets, Inc., supra, at 831, quoting Clayton v. Kroger Co., 455 So.2d 844
(Ala. 1984). As a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger that was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. Bogue v. R. M.Grocery, supra, at 547, quoting Lamson Sessions Bolt Co. v.McCarty, 234 Ala. 60, 173 So. 388 (1937). Lamson Sessions
discusses at length the duty owed by a landowner to an invitee. This Court furthered discussed this duty in Terry v. Life Ins.Co. of Georgia, 551 So.2d 385 (Ala. 1989), wherein we stated as follows:
 "The Restatement (Second) of Torts § 343A (1965) states:
 " '(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'
 Comment b defines 'known' and 'obvious.' In order to conclude that the defect was 'known,' the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. *Page 178 
'Obvious' means that the condition and risk are apparent to, and would be recognized by a reasonable person in the position of the invitee. Therefore, the 'obvious' test is an objective one.
 "As was stated in Bogue v. R. M. Grocery, 553 So.2d 545 (Ala. 1989), once it has been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of the risk, or whether the plaintiff should have been aware of the defect, are normally questions for the jury. . . ."
Id. at 386-387. (Emphasis in original.)
Although there is conflict in the testimony, Mrs. Cuevas has presented substantial evidence from which a jury could conclude that the defendant breached a duty to warn her of a dangerous condition caused by the presence of an electrical cord in the aisle of the store and that she was injured as a result of the defendant's negligence. Mrs. Cuevas testified in her deposition that the cord that she alleges tripped her was tightly stretched across the aisle, that it bruised her foot, that there were no signs warning her that a cord was across the aisle, and that after she was injured the manager of the store apologized to her for having the cord stretched across the floor. She further testified as to injuries she says she sustained in this accident and as to the medical treatment she says was necessitated as a result. The store manager, Margaret Patrick, testified by affidavit that five minutes before the fall she had swept the area where Mrs. Cuevas fell, and that she did not see a cord across the aisle. Mrs. Patrick's affidavit conflicts with the testimony of Mrs. Turner, who was behind Mrs. Cuevas when she fell, and who testified by deposition that she witnessed the accident and accompanied Mrs. Cuevas to the hospital:
 "Q. Did you see any warning signs calling attention to a cord?
"A. [Mrs. Turner] No. Nothing. Nothing like that.
"Q. What section of the store was this in?
"A. This was in the stereo department.
 "Q. And in relation to an aisle, where would it have been?
 "A. The aisle was predominantly in front of the cash register.
 "Q. Okay. Could you be more specific whether or not it was in the front of the aisle, the middle of the aisle or the end of the aisle? Just where in relation to the length of the aisle y'all were?
"A. The cord itself?
"Q. Well, where Ms. Cuevas was when she fell.
 "A. She was approaching the exit part of the aisle to go to the cash register.
 "Q. Okay. After she fell, is that — when did you first see this cord?
"A. After she had fallen.
"Q. Where did you see it?
 "A. It was on the floor. The jam box was on the floor. The jam box bounced across the floor, and it was a very loud noise because the store manager heard it in the back and came running up.
"Q. Did you see a cord at that time?
"A. I saw a cord.
"Q. Where was that?
"A. Disarranged. It was on the floor.
"Q. Where was it in relation to Ms. Cuevas?
 "A. Her foot was not under it at that point. Her foot had been freed. But she was having a tough time freeing her foot. In fact, she did not know what hit her.
 "Q. Did you personally see her try to free her foot?
"A. Yes."
C.R. 415-17.
In Bogue we noted that there are any number of factual issues for a jury in slip and fall negligence cases. We quotedFoodtown Stores, Inc. v. Patterson, 282 Ala. 477, at 482,213 So.2d 211, at 215-16 (1968), in which we said:
 "There are many factual matters that are involved in cases such as this — as examples: How old was the Plaintiff? Her general health at the time of the accident? How much did she weigh? Was she wearing high or low heels? Was she under medication at the time *Page 179 
that could have caused her to lose her equilibrium? Did she wear glasses? Bifocals? How long since they were changed or corrected? What was the condition of the floor as to color? Was it a slippery floor, or did it have a non-slippery surface? Countless other matters are important and usually present in such a case as this. All of such, however, are factual and for the jury to consider in each case, after proper instructions from the court."
This is equally true in this case. The resolution of this matter is for the trier of fact. Accordingly, we reverse the judgment of the trial court and remand the cause for trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.
[1] J.A. Hoffman, "Alabama's Scintilla Rule," 28 Ala.L.Rev. 592, 607-31 (1977).