This is a slip and fall case. The issue presented is whether there was a genuine issue of material fact as to whether the defendants were guilty of negligent conduct.
The facts are as follows: On December 11, 1988, the plaintiff, Betty Logan, slipped and fell on a concrete ramp at the entrance to the Winn-Dixie supermarket in the Blue Springs Village Shopping Center in Huntsville, Alabama. She sued Winn-Dixie Atlanta, Inc.,[1] Blue Springs Village, Ltd.,[2] and Anderson Properties, Inc.,[3] alleging that they had negligently caused her to slip and fall.
In her deposition Logan testified: *Page 84 
 "As I was walking up to the store, I stepped on the ramp leading into the store and it was just a slippery spot there. I hit the spot, I went down with my left knee and my ankle twisted two times and it popped and that was it."
She testified that at the time of her injury she did not know what the "spot" was. Later in her deposition she testified that when she got home from the emergency room, she noticed yellow paint on the bottom of her shoe, but she testified that she did not know what had caused her to slip:
 "Q [Attorney for the defendants] Just a few more questions. Going back to the day of this accident, do you have any idea what your foot slipped on?
 "A [Betty Logan] I had yellow paint on the bottom of my shoe; that's all I can remember. My shoe had yellow paint on it.
"Q Wet paint or just yellow paint?
 "A Evidently, it was wet, it had to be wet because it was there and when I put the shoes [on] I didn't have anything on them before I went to the store.
"Q Well, did you see yellow paint on the ramp?
 "A There was some yellow lines on the ramp where, you know, painting on the ramp on the sides there, I don't know whether that dripped down or anything. But, I saw where, I guess, it had been painted, but I don't know recently or what — you know, the lines leading to the store around the side there.
 "Q Are you testifying it was paint that caused you to slip or you just don't know?
 "A Well, to be honest with you, I don't know what caused me to slip, but I know there was paint under my shoe."
(Emphasis added.)
The defendants moved for a summary judgment, maintaining that Logan had failed to produce sufficient evidence to create a jury question as to negligence on the part of the defendants. In support of their motion for summary judgment, the defendants submitted the affidavits of John Blomgren, the Winn-Dixie store manager, and Terry Feldman, vice president of Anderson Properties. Anderson Properties was responsible for the maintenance and upkeep of the premises. Blomgren was at work the day of the accident, and he assisted Logan after her fall. He testified:
 "I did not see anything around Mrs. Logan that would have caused her to slip. There was not any wet yellow paint in the area where she was sitting and to my knowledge there was no wet paint anywhere in the Winn-Dixie parking lot on Sunday, December 11, 1988."
Feldman was the property manager of Blue Springs Village Shopping Center. He testified that his records indicated that no painting had been done on the day of the accident, or even during the same month of the accident.
The trial court entered a summary judgment for the defendants. Logan appeals.
Because Logan filed this case after June 11, 1987, the "substantial evidence rule" applies. Ala. Code 1975, §12-21-12. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co., 547 So.2d 870,871 (Ala. 1989).
Under A.R.Civ.P. 56(c), the burden is on the one moving for a summary judgment to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
The guiding principles of premises liability law are familiar. To recover at trial, Logan must prove that her fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident. See Tice v. Tice, 361 So.2d 1051 (Ala. 1978). Logan failed to present substantial evidence, as opposed to speculation, that would show her injuries were the proximate result of any negligence on the part of the defendants.
"Evidence which affords nothing more than speculation, conjecture, or guess is *Page 85 
wholly insufficient to warrant submission of a case to the jury." Thompson v. Lee, 439 So.2d 113 (Ala. 1983).
In Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala. 1989), this Court reversed a summary judgment for the defendant, Western Supermarkets, holding that the plaintiff had produced sufficient evidence to warrant submission of the case to the jury. In that case, the plaintiff slipped and fell on a slippery spot on the floor of the produce section of the supermarket. She testified that after her fall she saw nothing on the floor that could have caused her injury, but that she felt a small wet spot on the right seat of her pants. Id.
Cox v. Western Supermarkets is distinguishable from the case at hand. That case was decided under the "scintilla rule," and we held that the plaintiff had presented a scintilla of evidence from which a jury could have concluded that ice had fallen on the floor and that the store owner had failed to discover and remove it:
 "The produce section required ice to ensure the freshness of the vegetables. Periodically, and on this particular day, ice was transported to this area from the back of the store and was placed directly on the produce shelves. Special rubber mats were placed in the produce aisle to keep the area clean and dry."
Id. In contrast, Logan failed to present any substantial evidence, the applicable standard here, that the ramp had been painted on the day of her accident, or even in that same month. Clearly, the facts of this case, even if we were applying the "scintilla rule," show that there was no genuine issue of material fact. The trial court properly entered the defendants' summary judgment; therefore, the judgment is hereby affirmed.
AFFIRMED.
SHORES, HOUSTON and KENNEDY, JJ., concur.
HORNSBY, C.J., concurs in the result.
[1] Winn Dixie Atlanta, Inc., leases a portion of the premises and operates the grocery store.
[2] Blue Springs Village, Ltd., owns the shopping center.
[3] Anderson Properties manages the property.