The plaintiffs appeal from a summary judgment in favor of the defendant, Van's Photo, Inc. The evidence presented to the trial court indicated the following:
On June 8, 1989, Susan Hall took a roll of 35-millimeter film to Van's Photo for processing. Ms. Hall says she explained to the manager of Van's Photo that the photographs were of her three-year-old son and that they depicted him nude. She says she further explained that the photographs were made in order to have a nude, bronze statue cast of the boy by an artist in Massachusetts. Ms. Hall also says that because of the nature of the photographs, she wanted to wait in the photo shop for the pictures to be processed. She says that the manager said that she had no problem with processing photographs of this nature. Ms. Hall says that she waited in the store for approximately 45 minutes to 1 hour and then left the store with the photographs.
The manager and another employee of Van's Photo say that Ms. Hall did not explain the nature of the photographs to them. The manager and the employee say that while processing the roll of film they viewed the photographs and became concerned that the pictures could be child pornography. We note that there was evidence that is the policy of Van's Photo to view every photograph it develops in order to check the quality of the work. The manager telephoned the vice-president of Van's Photo, and he told the manager to make a duplicate set of the photographs to be forwarded to him. Both the manager and the employee stated that Ms. Hall did not wait in the store for the photographs but, instead, picked them up an hour later.
The vice-president of Van's Photo viewed the photographs, and he says that he decided that there was sufficient suspicion, in his opinion, to send the photographs to the Federal Bureau of Investigation, pursuant to the Child Abuse Reporting Act, §§26-14-1 through -13, Ala. Code 1975. The F.B.I. agents viewed the photographs and as a result the Florence Police Department obtained a warrant to search the home of Ms. Hall and her husband, based on the photographs. The State Department of Human Resources also assisted in the search. No evidence of child pornography *Page 1370 
was found in the home, and the case was later dismissed.
Ms. Hall and her husband, Jeffrey K. Hall, sued Van's Photo, claiming breach of contract, fraud, invasion of privacy, outrageous infliction of emotional distress, and reckless infliction of emotional distress. The trial court entered a summary judgment in favor of Van's Photo on all claims.
A summary judgment is appropriate only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the non-moving party must present "substantial" evidence of the existence of a genuine issue of material fact, that is, "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). The evidence must be viewed in a light most favorable to the nonmoving party. King v. Winn-Dixie of Montgomery, Inc.,565 So.2d 12 (Ala. 1990).
The plaintiffs argue that there was a genuine issue of material fact as to whether Van's Photo promised to keep the photographs confidential and not to publish them after they were processed. The plaintiffs also argue that if it was the duty of Van's Photo to make a report under the Child Abuse Reporting Act, then it should have included in the report Ms. Hall's explanation for making the photographs.
Section 26-14-1 of the Child Abuse Reporting Act defines "child abuse" as:
 "Harm or threatened harm to a child's health or welfare. Harm or threatened harm to a child's health or welfare can occur through nonaccidental physical or mental injury, sexual abuse or attempted sexual abuse or sexual exploitation or attempted sexual exploitation. . . . 'Sexual exploitation' includes allowing, permitting or encouraging a child to engage in prostitution and allowing, permitting, encouraging or engaging in the obscene or pornographic photographing, filming or depicting of a child for commercial purposes."
Section 26-14-4 provides that "any person may make [a child abuse or neglect] report" if that person has "reasonable cause to suspect that a child is being abused or neglected." Section26-14-9 provides:
 "Any person, firm, corporation or official participating in the making of a report or the removal of a child pursuant to this chapter, or participating in a judicial proceeding resulting therefrom, shall, in so doing, be immune from any liability, civil or criminal, that might otherwise be incurred or imposed."
The immunity provision of the Child Abuse Reporting Act helps accomplish the goal of eradicating child abuse and neglect, and this Court has rejected a challenge to its constitutionality. See, Harris v. City of Montgomery, 435 So.2d 1207 (Ala. 1983).
Viewing the evidence in a light most favorable to the plaintiffs, we hold that the summary judgment was proper. We have examined the photographs and agree that they presented "reasonable cause" for Van's Photo to make the child abuse report. Because there is a great need for protecting children from child abuse, and because the report was based on "reasonable cause," the statute exempts Van's Photo from liability in making the report. Also, viewing the evidence in the light most favorable to the plaintiffs and assuming, therefore, that Ms. Hall offered Van's Photo an explanation for her possession of the photographs of a nude child, we conclude that Van's Photo did not have a duty under the Child Abuse Reporting Act to include that explanation in its report.
Based on the above, the summary judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur. *Page 1371