KENNEDY, Justice.
The plaintiff, L.L. Peterman, appeals from a summary judgment in favor of the defendants, Auto-Owners Insurance Company and William D. Sanford.
Auto-Owners sued Peterman, alleging that pursuant to an indemnity agreement allegedly signed by Peterman, he was individually liable to Auto-Owners for monies Auto-Owners had paid under a bond issued to C & P Construction Company (“C & P”), of which Peterman was the primary shareholder. Auto-Owners, as the surety on the bond, sought $37,634.12 in indemnity because C & P, the principal on the bond, had defaulted on the bond in this amount.
Peterman answered the complaint and counterclaimed, alleging “bad faith failure to defend” and “bad faith settlement of a claim” arising out of prior litigation involving the bond. Peterman later amended his counterclaim to include a third-party complaint against Auto-Owners’ agent, William D. Sanford. Peterman specifically claimed forgery of his signature on an individual indemnification agreement on the bond and fraudulent misrepresentation by Sanford and Auto-Owners. Auto-Owners filed a cross-claim against Sanford.
Auto-Owners dismissed its initial claim against Peterman. The trial court dismissed Peterman’s counterclaim against Auto-Owners based on bad faith. As a result of the dismissals, the parties were realigned so that Peterman was the plaintiff in an action against Auto-Owners and Sanford alleging fraud and forgery.
Auto-Owners and Sanford each filed a motion for summary judgment, and the trial court granted both motions. Peterman appeals from the resulting summary judgments.
A court reviewing a summary judgment must view the evidence in light most favorable to the nonmoving party. Underwood v. Adamson Ford, Inc., 564 So.2d 51 (Ala.1990). In this case, the applicable standard of review requires this Court to view the tendencies of the evidence most favorably to Peterman.
Peterman was president of C & P Construction Company when the company received a highway contract from the State; the contract required C & P to post a bond for potential debts on the project. A bond was issued through Auto-Owners by its *1061 agent, Sanford. Sanford required Peterman, in his capacity as president of C & P, to sign a corporate indemnity agreement. Later, Sanford provided Auto-Owners with a personal indemnity agreement that he said was signed by Peterman. However, a handwriting expert determined that the signature on the personal agreement was not Peterman’s.
A subcontractor on the highway project sued C & P. Auto-Owners, as the surety on the bond, defended C & P and settled the claim. Subsequently, C & P went out of business. Evidence was presented that Auto-Owners knew that there was a question about the authenticity of the signature on the personal indemnity agreement when it settled the underlying claim. However, Auto-Owners sought indemnification from Peter-man individually, based on that indemnity agreement. Auto-Owners later dismissed its claim against Peterman individually, because of the forged signature.
As discussed earlier, the unresolved claims remaining in this case were Peterman’s claims of fraud and forgery against Auto-Owners and Sanford. Peterman appeals from the summary judgment in favor of Auto-Owners and Sanford on those claims.
A summary judgment is appropriate only when the moving party shows “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence that creates a genuine issue of material fact. Hope v. Brannan, 557 So.2d 1208 (Ala.1989). The evidence will be viewed in a light most favorable to the non-moving party. King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala.1990).
Peterman argues that he presented substantial evidence of forgery. We agree. It is clear from the evidence that Peterman did not sign the personal indemnity agreement; it is clear that Auto-Owners dismissed its claim against Peterman because the signature was a forgery. Auto-Owners admits in its brief here that the signature on the indemnity agreement was a forgery. Based on the foregoing, we conclude that the trial court erred in entering the summary judgment on the forgery claim. It is up to the factfinder to decide whether Sanford forged Peterman’s signature and whether Auto-Owners is liable under the doctrine of re-spondeat superior.
As to the fraud claim, Peterman argues that Auto-Owners sued him knowing that there was a problem with the signature on the personal indemnity agreement. Pe-terman further argues that he was damaged by the lawsuit in that, among other things, he had to pay attorney fees. Auto-Owners contends that it requires personal indemnification on bonds. It further argues that it was the only victim of fraud because it now has no right of indemnity against Peterman.
It is clear that Peterman presented substantial evidence of fraud and, therefore, that the trial court erred in entering the summary judgment as to the fraud claim.
We reverse the judgment and remand this case for a trial on the merits.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.