COOK, Justice.
Willie Mae Bowman sued the Fort Rucker National Bank, alleging negligence, fraud, and breach of warranty with regard to a mortgage on a parcel of property she had purchased from the bank in January 1984. She had purchased the property with her husband, who died in 1990. The trial court entered a summary judgment for the bank. We affirm.
When the Bowmans purchased the property in 1984, they planned to construct houses on it. They mortgaged a second piece of property to enable them to purchase budding materials; however, after they had purchased the materials, the Bowmans discovered a problem in the deed’s description of the property. The bank instructed the Bowmans to cease construction on the property until the problem could be resolved. The Bow-mans had the land surveyed in 1985; the problem with the deed was resolved in 1988; and the mortgage on the purchased property was renewed at that time for $20,000. The mortgage on the other parcel initially mortgaged to help underwrite the cost of the building materials was also renewed.
The plaintiffs husband died in 1990. The plaintiff was later unable to make the mortgage payments, and the bank foreclosed in December 1991. She filed this action on January 7, 1992.
This action is barred by the statute of limitations. See § 6-2-38(Z), Ala.Code 1975. Any fraud with regard to the purchase of the property from the bank would have occurred in 1984 and was discovered in 1985 when the property was surveyed. This action was not filed until 1992, eight years after it occurred. There is, furthermore, no evidence of “promissory fraud” with regard to the Bowmans’ purchase of the property, because the problem with the property description was, in fact, resolved in 1988.
The building materials deteriorated in 1987, before the mortgage was renewed in 1988. Although Bowman does not discuss any alleged fraud in specific terms as it concerns the budding materials, she implies in her brief that the bank had indicated that it would not charge interest on her mortgage debt until the problem with the property description was resolved. Bowman concedes that she and her husband renewed the mortgages several times after the alleged fraud would have been committed and that they made payments in accordance with the terms of the mortgage agreement. When she was unable to meet her obligation on the new notes after her husband’s death, the bank foreclosed. Any fraud with regard to the bank’s alleged agreement not to charge interest or its alleged promise to reimburse the Bowmans for the deteriorated materials would have been discovered, or could have been discovered, certainly at the time the mortgage was renewed in 1988, if not before. Bowman contends that she and her husband did not sue the bank in 1988 because, she said, she kept hoping that “sooner or later, you know, [she’d] be able to salvage everything.” The summary judgment was appropriate with regard to Bowman’s fraud claim.
Bowman also made claims of negligence and breach of warranty. However, we conclude that after the bank made a prima facie showing that no genuine issue of material fact existed, Bowen failed to rebut that showing with substantial evidence creating such an issue as to those claims. See Richardson v. Kroger Co., 521 So.2d 934, 936 (Ala.1988). Therefore, the summary judgment was appropriate.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ., concur.