SAM A. BEATTY, Retired Justice.
The plaintiff, Raymond E. Owens, appeals from a judgment based on a directed verdict in favor of the defendant, Food World, Inc., in this “slip and fall” case. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
While in a supermarket operated by Food World, Owens lost his balance and fell; he claimed to have suffered injuries in the fall. Ultimately he sued Food World, claiming that he fell after he had stepped into an “oil-like” substance on an aisle in the store. He claimed that Food World had negligently maintained its premises and that its negligence in that regard had caused his injury.
At trial, Owens testified that he did not know what caused him to fall, that he had not seen anything on the floor before he slipped, and that he did not know how long the “oil-like” substance might have been there. Owens introduced into evidence the clothes he was wearing at the time of the incident. These bore stains and particles of dirt adhering to them. The clothes had been placed in a bag at the hospital where Owens was taken after his fall, then they had been left in Owens’s truck for almost three years. He found the bag of clothes, he said, when he cleaned out his truck.
The standard of review applicable to a motion for a directed verdict is the substantial evidence rule. St. Clair Fed. Savings Bank v. Rozelle, 653 So.2d 986 (Ala.1995). See § 12-21-12(d), Ala.Code 1975. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989).
Our supreme court reiterated the burden of proof in a “slip and fall” case in Richardson v. Kroger Co., 521 So.2d 934 (Ala.1988):
“[I]t is necessary for the plaintiff to prove ‘(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance’s presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors.’ ”
521 So.2d at 936 (quoting Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49, 50 (Ala.Civ.App.1981)) (citation omitted).
It is clear that Owens did not establish a prima facie case; he presented none of the elements cited. The jury could not have reasonably inferred, either from Owens’s testimony or from his exhibit of clothing, that *843 before the fall Pood World had notice of the slippery condition or that Food World was delinquent in discovering it. Cf. Logan v. Winn-Dixie Atlanta, Inc., 594 So.2d 83 (Ala.1992) (plaintiff could not say what caused her to slip). No presumption of negligence accompanies an injury to an invitee. Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978).
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.