CRAWLEY, Judge.
In June 1998, Mae R. Howard sued The Kroger Company, alleging that Kroger had negligently caused her to fall in a Kroger grocery store. She sought compensatory damages. Kroger filed a motion for a summary judgment; the trial court granted the motion. Howard appeals.
A motion for a summary judgment is due to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial evidence rule in the summary-judgment context.
In June 1996, Howard was shopping at a Kroger grocery store; she was accompanied by a friend, Gloria Bledsoe. Bledsoe stopped at the meat counter to talk to a Kroger employee. Howard proceeded to the dairy section to buy some cheese, and as she passed the meat counter, she slipped and fell. She was injured as a result of the fall. Howard contends that she slipped on a clear substance, probably water. Kroger contends that there was no such substance on the floor in the area where Howard fell.
*505 In this slip-and-fall case Howard is required to prove (1) that Kroger had constructive notice of the substance that she says caused her to fall because it was on the floor for a sufficient time to impute such notice; or (2) that Kroger had actual notice of the substance; or (B) that Kroger was not diligent in finding and removing the substance from the floor. See Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala.1989). Howard is not required to prove that Kroger had actual or constructive notice of the substance if she presents substantial evidence indicating that Kroger created the danger. Billings v. K Mart Corp., 654 So.2d 530, 532 (Ala.1995) (holding that if the store created the danger, then “notice of the hazardous condition is imputed to the store”).
Howard’s shopping companion, Bledsoe, testified that, after Howard fell, the store manager asked one of the employees where the water came from. Bledsoe further testified that the employee told the manager that the water came from a meat cooler and that the meat cooler had been leaking for some time. We conclude that Howard presented substantial evidence indicating that Kroger had created the danger that, she alleges, caused her to slip and fall. Bledsoe’s testimony created a genuine issue of material fact as to whether Kroger created the hazardous condition — the water on the floor — which caused Howard’s fall. See Billings, supra
The trial court erred by entering a summary judgment for Kroger. That judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
THOMPSON, J., dissents.