The plaintiff, O.D. Cash, brought an action for negligence against Winn-Dixie. The circuit court granted a directed verdict for the defendant.
The plaintiff was injured as a result of a fall which occurred about 3 p.m. in the Winn-Dixie store. He was a customer, and had been in the store approximately thirty minutes when the injury occurred. As the plaintiff entered isle # 10 he stepped on a can of food which caused him to fall. The plaintiff testified that earlier he had found *Page 876 
a soft drink bottle on the floor in aisle # 3 or # 4.
The store manager testified that after the accident he observed a food can in the vicinity where the plaintiff fell. He examined the can and it showed no sign of having been stepped on or having skid across the floor. He had been in the area where the fall occurred as late as 12:30 p.m. and did not see a can on the floor. The store manager further testified that the store had been swept twice that day, the latest being at approximately 11 a.m.
The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury. See cases collected in Ala. Digest, Negligence, Key # 32 (1).
It is not always necessary, however, to offer direct evidence as to the length of time a foreign substance has remained on the floor. In some cases it is permissible to allow a jury to infer the length of time from the nature and condition of the substance. This has been allowed where the substance is dirty, crumpled, mashed, or has some other characteristic which makes it reasonable to infer that the substance has been on the floor long enough to raise a duty on the defendant to discover and remove it. S.H. Kress Company v. Thompson, 267 Ala. 566,103 So.2d 171 (1957).
The fact that the plaintiff found one soft drink bottle in another aisle does not show the floor was littered to the extent required by law in such cases. The floor had been swept twice that day and appeared to be adequately maintained. There was no evidence that the can had been on the floor long enough to have been bent, mashed or mutilated in any manner. The store manager testified he examined the can and it showed no visible marks indicating the can had been stepped on or had skid across the floor.
There is no evidence in the record whatsoever that the defendant knew the can was on the floor or that the can had been on the floor for such an inordinate length of time as to impute constructive notice. For aught that appears, the can may have been dropped on the floor by another customer only minutes before the plaintiff fell.
Recently, this Court in Ex Parte Travis, 414 So.2d 956 (Ala. 1982), reviewed a number of slip and fall cases and held that a jury question was presented because the paper sack, which caused the fall, was dirty and had a footprint impressed upon it. This was held sufficient, under the circumstances, to allow the jury to infer that the sack had been on the floor for a sufficient length of time to impute notice to the storekeeper. That case represents the very outer limit to which this Court has gone in upholding a jury verdict for the plaintiff.
The instant case, however, is distinguishable because here there is no evidence whatsoever that the can had been on the floor for any appreciable time.
The judgment is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur. *Page 877