This appeal is from a directed verdict granted in favor of the defendants, Macon County Greyhound Park and Pari-Mutuel Management in a slip and fall case.
On November 16, 1984, the plaintiff slipped and fell while attending the dog races at the Macon County Greyhound Park. Plaintiff contends that he slipped because of a wet area on the concrete floor and because the area was not well lighted. The evidence shows that a bell rings and the lights are dimmed immediately preceding a race in order to facilitate viewing and to avoid distracting the dogs, and also to signal that no more wagers can be made on that particular race.
The only evidence as to the brightness of the lights or the luminosity of the area was the testimony of Milton E. McGregor, president of Macon County Greyhound Park, Inc., who stated that when the lights were dimmed there was sufficient light to see something even as small as a dime on the floor.
There is no dispute that the plaintiff was an invitee and lawfully on the premises of the defendant when he fell. As an invitee on the premises, the plaintiff is owed by the defendants a duty to exercise ordinary and reasonable care to keep the premises in a reasonably safe condition. Gray v.Mobile Greyhound Park Ltd., 370 So.2d 1384 (Ala. 1979) (quoting, Tice v. Tice, 361 So.2d 1051, 1052 (Ala. 1978)). The owner of the premises, however, is not
an insurer of the safety of his invitees, and the fact that the plaintiff fell and was injured raises no presumption of negligence. Delchamps, Inc. v. Stewart, 47 Ala. App. 406, 255 So.2d 586, cert. den., 287 Ala. 729,255 So.2d 592 (1971); Great Atlantic Pacific Tea Co. v.Bennett, 267 Ala. 538, 103 So.2d 177 (1958). The plaintiff has the burden of proving that the defendant breached its duty to exercise ordinary and reasonable care and failed to keep its premises in a reasonably good condition. The law does not place upon the defendant the duty to take extraordinary care to keep a floor completely dry or free from debris. Wal-Mart Stores, Inc. v. White,476 So.2d 614 (Ala. 1985); Terrell v. WarehouseGroceries, 364 So.2d 675 (Ala. 1978). As stated inMobile Greyhound Park, Ltd., a racetrack is under no duty to keep a floor completely dry or completely free of litter or *Page 1282 
other obstructions. 370 So.2d at 1388-89. As the Court stated in that case:
 "At such places of amusement as race tracks, dog tracks, ball parks, stadiums and the like, an accumulation of debris upon the walkways during the course of an event is not unlike the build-up of rain water on a storekeeper's floor during storms. In both cases, the accumulation may adversely affect foot traffic — a fact with which the invitee is or should be aware."
370 So.2d at 1388-89. The Court further stated that a storekeeper is under no duty to keep his floor completely dry, and, in a like manner the owners and operators of public amusement facilities are not under a duty to keep their floors completely clean. Id.
The plaintiff's burden of proof in a premises liability case is to prove that the defendant knew there was some defect in the condition of the premises, which can be proved in one of two ways. The first is by showing that the defendant had actual knowledge of the defect and the second is by showing the defendant had impliedknowledge of it.
The alleged defect in this case was a "wet substance" that was on the floor some 15 feet in front of the concession stand. There was no evidence presented to the trial court which in any way indicated that the defendants or their agents had any actual knowledge of the presence of this "wet substance" on the floor. The plaintiff did not present any testimony of actual knowledge; therefore, the plaintiff failed to prove actual knowledge.
In order to prove the defendant had implied knowledge, the plaintiff must present evidence that the foreign substance, regardless of its nature, had been on the floor for a sufficient period of time to raise the presumption that the defendant had notice of its presence. See, e.g.,May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590
(1968) (holding that the presence of a bean that was green, hard and fresh did not support a reasonable inference as to the length of time the bean had been on the floor);Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49
(Ala.Civ.App. 1981) (in which the court held that the plaintiff offered no evidence that the defendant had actual notice of the foreign substance on the floor, or that the defendant had implied knowledge because it was the plaintiff's own testimony that the vegetable matter on the floor "appeared fresh and green").
In Bonds v. Brown, 368 So.2d 536 (Ala. 1979), a case which is very similar to the instant case, this Court affirmed the trial court's granting of a directed verdict because the plaintiff offered no evidence that the defendant had actual or implied knowledge of the condition she claimed existed on the premises and which she contended was the cause of her injury. In Bonds, the plaintiff alleged that she fell in the bathroom of a hospital because of the slippery conditions of the tile floor. The plaintiff maintained that the hospital breached its duty to exercise reasonable care to provide and maintain reasonably safe premises for her use as a patient. In holding that the trial court did not err in granting defendant's motion for directed verdict, the Court stated the following:
 "In S.H. Kress Co. v. Thompson, 267 Ala. 566, 569, 103 So.2d 171, 174 (1957), that burden was defined as follows:
 " '. . . So to prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. . . .'
 "In the instant case, plaintiff offered no evidence that the hospital had actual notice of the condition she claims existed in the bathroom. She offered no evidence from which it might be reasonably inferred that the hospital was delinquent in not discovering and removing the offending substance from the bathroom floor. Finally, no evidence was offered to support a claim that the foreign substance was on the floor a sufficient length of time to impute constructive notice *Page 1283 
of its presence to the hospital. [Citations omitted.]
 "Because the plaintiff failed to present any evidence from which it might reasonably be inferred that the hospital was on notice of the bathroom's condition, the trial court properly granted the directed verdict in favor of the hospital on the negligence count. [Citations omitted.]"
Bonds v. Brown, 368 So.2d at 538.
In another recent case, Cash v. Winn-Dixie Montgomery,Inc., 418 So.2d 874 (Ala. 1982), this Court once again affirmed the trial court's granting of a directed verdict in favor of the defendant in very similar circumstances. InCash, the plaintiff alleged that he had stepped on a can of food and fell. In affirming, we stated the following:
 "The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. "The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury."
418 So.2d at 876.
The Court stated, in Cash, that since there wasno evidence presented by the plaintiff that indicated the can was "bent, mashed or mutilated" or had been on the floor for an inordinate length of time, then the jury could not impute constructive notice to the defendant. Therefore, the trial court did not err in directing a verdict in favor of the defendant.
In the instant case, plaintiff failed to prove any knowledge, either actual or implied, on the part of the defendants of the presence of the "wet substance."
The plaintiff, in an effort to avoid having to prove the defendant's knowledge of the liquid on the floor, argued to the trial court, and argues in his brief here, that the defendants were negligent in dimming the lights immediately prior to the start of a race.
Under the circumstances then existing, the evidence of the mere dimming of the lights prior to the beginning of a race was not sufficient evidence from which an inference could be drawn that the defendants negligently created a condition which proximately caused plaintiff's slip and fall.
Because the plaintiff failed to present any evidence that the defendants had notice of the floor's condition, the trial court properly directed a verdict against the plaintiff. We find no error and affirm the judgment appealed from.
AFFIRMED.
JONES, SHORES, BEATTY and HOUSTON, JJ., concur.