Patricia Vargo appeals from a summary judgment in her negligence action against Warehouse Groceries Management, Inc.
Vargo allegedly was injured as a result of a fall on the afternoon of October 20, 1985, in a Warehouse Groceries store in Gadsden, Alabama. As Vargo attempted to remove a bag of ice from the ice machine located inside the store, she allegedly slipped and fell in water that had collected on the floor in front of the ice machine. Vargo and a witness testified that there were several puddles of water in front of the ice machine.
A store employee testified that after the accident he did not find any water or any evidence of where someone had fallen. He also stated that he had never seen water on the floor in front of the ice machine, or known of a problem with customers spilling ice as they removed the bags from the machine. Another employee also testified that he had never known the machine to leak or customers to drop ice on the floor.
In Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874
(Ala. 1982), the Court summarized the applicable law in "slip and fall" cases as follows:
 "The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury."
418 So.2d at 876.
In Cash, the Court also held that it is permissible to allow the jury to infer the length of time the substance has remained on the floor from the nature and condition of the substance. Where the substance is dirty, crumpled, or mashed, or has some other characteristic that makes it reasonable to infer that it has been on the floor a long time, the defendant may be found to have a duty to discover and remove it. S. *Page 987 H. Kress Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).
There is no evidence in the record whatsoever that Warehouse Groceries' employees knew the water was on the floor or that it had been there such a length of time as to impute constructive notice. Both Vargo and her witness testified that they had no idea how long the water had been there, except to say that it "looked like it had been there for a while." For all the evidence put forth, the water may have been dropped or leaked on the floor only minutes before Vargo fell.
Based on the evidence in the instant case, any inference that Warehouse Groceries was negligent would be the result of mere speculation. Therefore, it was not error for the trial court to grant summary judgment in favor of Warehouse Groceries.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.