Artelia Brown appeals from a summary judgment entered in favor of Autry Greer and Sons, Inc. ("Greer's"), in a suit charging Greer's with negligent maintenance of its business premises.
Seventy-one-year-old Artelia Brown drove to Greer's grocery store with her husband on the morning of October 31, 1985. It had rained earlier that morning and the sidewalk outside Greer's was wet, but it was not raining when the Browns arrived at Greer's. Entry to the store is gained by passing through a set of double doors equipped with ordinary doorknobs. Mrs. Brown entered Greer's alone. She alleged that a delivery man, whom she could not identify, entered just ahead of her, pushing a dolly loaded with boxes wrapped in newspaper. She said that a liquid was dripping from the boxes, and that she noticed that the floor was wet when she entered the store. There were no floor mats inside or outside the entryway.
Mrs. Brown remained in the store for approximately 15 minutes, selecting the item she intended to purchase, and then she went to the front of the store to pay the cashier. Mrs. Brown discovered that she did not have enough money in her purse, and she went outside to get more money from her husband, who had remained in the car. As she exited the store, Mrs. Brown slipped on the wet floor, but did not fall because she had her hand on the doorknob. She then walked across the sidewalk, which was approximately eight *Page 1050 
feet wide, toward her car. As she stepped over a concrete car stop at the edge of the sidewalk, her foot slipped and she fell and fractured her left wrist.
Mrs. Brown filed suit on October 29, 1987, alleging negligence and demanding a trial by jury. Greer's denied the allegations in the complaint and asserted that Mrs. Brown was contributorily negligent and also that her injuries were caused by a third party's negligence. Greer's moved for summary judgment on December 8, 1988. The summary judgment motion was based on the affidavit of Harold Smith, the manager of Greer's, and on the pleadings and discovery, which included interrogatories and the depositions of Mr. and Mrs. Brown. Mrs. Brown filed a response in opposition to a motion by Greer's for summary judgment. On January 30, 1989, the trial court entered summary judgment in favor of Greer's, finding that there was no genuine issue of material fact relative to Greer's liability.
We affirm.
Mrs. Brown was clearly a business invitee upon the premises at the time of her accident. An invitor's duty to an invitee is to keep his premises in a reasonably safe condition.Raspilair v. Bruno's Food Stores, Inc., 514 So.2d 1022, 1024
(Ala. 1987). The owner of the premises is not an insurer of the safety of its invitees, and the principle of res ipsa loquitur is not applicable. Furthermore, there is no presumption of negligence from the mere fact of an injury to an invitee. Ticev. Tice, 361 So.2d 1051, 1052 (Ala. 1978).
The burden of showing negligence rests with the plaintiff, who must prove that the fall was caused by a defect or instrumentality located on the defendant's premises as a result of the defendant's negligence, and of which the defendant had or should have had notice at the time of the accident.Massey v. Allied Products Co., 523 So.2d 397, 398 (Ala. 1988). Mrs. Brown has been unable to do this.
In her deposition, Mrs. Brown stated that she observed water or some other liquid dripping from the delivery man's boxes onto the floor of the store, but she did not bring it to the attention of Greer's when she observed it upon entering the store, or when she returned to the store after she fell in the parking lot. In his affidavit, the Greer's manager, Harold Smith, testified that he was not aware of any foreign substance or liquid on the floor at the doorway of the store prior to the incident. Mrs. Brown also testified that she did not see anything on the ground when she stepped over the concrete car stop, and that she did not know whether anything was on the bottom of her shoe when she slipped and fell.
Mrs. Brown has failed to present any evidence that Greer's breached any duty owed to her. She presented no evidence that Greer's had actual notice of the liquid on the floor at the time of the incident. She offered no evidence from which it might reasonably be inferred that Greer's was delinquent in not discovering and removing the substance. Nor did she present evidence that her fall was caused by this liquid or by a defect located on the premises as a result of any negligence on the part of Greer's.
In short, Mrs. Brown failed to put forth any evidence from which a jury could conclude that Greer's breached any duty owed to her. Consequently, the trial court properly entered the defendant's summary judgment.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.