565 So.2d 14 (1990)
James Michael MADDOX, a minor, by and through his father and next friend, M.C. MADDOX; and M.C. Maddox
v.
K-MART CORPORATION[1]
88-1649.
Supreme Court of Alabama.
May 18, 1990.
*15 Robert F. Lewis and Marylee Abele, Birmingham, for appellants.
John S. Civils, Jr. and Jack M. Beard, Jr. of Huie, Fernambucq & Stewart, Birmingham, for appellee.
KENNEDY, Justice.
The plaintiffsJames Michael Maddox, a minor, suing by and through his father and next friend, M.C. Maddox; and M.C. Maddox individuallyappeal from the summary judgment entered in favor of the defendant, K-Mart Corporation. We reverse and remand.
On November 29, 1985, James Michael Maddox went shopping at a K-Mart store in Cullman, Alabama, with his sister, *16 Teresa Maddox Brown, and with two other acquaintances. Upon entering the store, he slipped and fell near the front customer service desk and, as a result, suffered injuries to his head, neck, and back. As a result, this tort action was filed on June 3, 1987. James Michael and his sister testified that after his fall they observed a substance on the floor near the customer service desk where he had fallen. They did not see the substance on the floor before his fall. His sister stated in her deposition that she thought that the substance was wet, slippery, and "sticky," and that it appeared to her to be a puddle of "Coke." She also stated that the substance "looked like it was trying to dry" and that the puddle was about two feet wide. He, his mother, and his sister also testified that there was a sticky substance found on his clothes and on his hand after the fall. His mother said the substance on his clothes dried "stiff." Neither he nor his mother or sister knew how long the substance had been on the floor.
James Michael's sister reported his fall to someone at the customer service desk, and, thereafter, his mother drove him to a hospital.
In answers to interrogatories, K-Mart stated that it did not have knowledge of any substance on the floor in the area where James Michael claims to have fallen. K-Mart further stated that the floors are swept during the day and cleaned as needed; that no substance was cleaned from the floor where James Michael allegedly fell; that supervisory personnel were in the area on the day of the accident, and employees were working at the customer service desk; and that all K-Mart employees are trained to be on the look-out for any unsafe condition and to correct it if one is observed.
On appeal, the plaintiffs argue that this case is controlled by Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala.1989). K-Mart, however, argues that Vargo v. Warehouse Groceries Management, Inc., 529 So.2d 986 (Ala.1988), is dispositive. After a review of the evidence, we conclude that Cox, supra, applies to the facts of this case.
At the outset, we note that a storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an "insurer of the customer's safety," and is liable for injury only if he "negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition." The plaintiffs must prove that the injury was proximately caused by the negligence of K-Mart or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before K-Mart can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to K-Mart; or (2) that K-Mart had actual notice that the substance was on the floor; or (3) that K-Mart was delinquent in not discovering and removing the substance. See Cox, supra, and Richardson v. Kroger Co., 521 So.2d 934, 935-36 (Ala. 1988); Cash v. Winn-Dixie Montgomery Inc., 418 So.2d 874 (Ala.1982).
We find Vargo, supra, distinguishable from the present case. In Vargo, the plaintiff slipped and fell after removing a bag of ice from an ice machine. The plaintiff and her witness testified that there were several puddles of water in front of the ice machine and that the water "looked like it had been there for a while." An employee for Warehouse Groceries Management testified that after the accident he did not observe any water or any evidence of a fall. This Court held:
"Based on the evidence in the instant case, any inference that Warehouse Groceries was negligent would be the result of mere speculation. Therefore, it was not error for the trial court to grant summary judgment in favor of Warehouse Groceries."
529 So.2d at 987.
In this case, however, we find that there was at least a scintilla of evidence that the substance had been on the floor for such a *17 length of time that constructive notice was imputed to K-Mart and that K-Mart was delinquent in not discovering and removing the substance. The testimony that the substance looked like a puddle of "Coke" and was "sticky" and "looked like it was trying to dry" provided evidence from which the trier of fact could infer that the substance had been there long enough that the defendant's employees should have known it was there. In Vargo, there was no evidence about the nature of the substance from which the trier of fact could infer that the substance had been on the floor for such a length of time that constructive notice should be imputed to the defendant. Under Cash, supra, it is permissible to allow the trier of fact to infer the length of time that the substance had remained on the floor from evidence regarding the nature and condition of the substance. "Where the substance is dirty, crumpled, or mashed, or has some other characteristic [, e.g., is `sticky,'] that makes it reasonable to infer that it has been on the floor a long time, the defendant may be found to have a duty to discover and remove it." Vargo, supra, at 986, citing S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957). Therefore, we conclude that the plaintiffs presented enough evidence that any inference that K-Mart was negligent would not be the result of mere speculation.
Accordingly, the summary judgment in favor of K-Mart is due to be, and it is hereby, reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and ADAMS, JJ., concur.
MADDOX, ALMON, HOUSTON and STEAGALL, JJ., dissent.
HOUSTON, Justice (dissenting).
Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala.1989), did not redefine "scintilla" as "a small wet spot on the right seat of [the] pants." See, King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala. 1990) (Houston, J., concurring in part and concurring in the result in part). I join Justice STEAGALL's dissent.
STEAGALL, Justice (dissenting).
In my opinion, this case is decided by Vargo v. Warehouse Groceries Management, Inc., 529 So.2d 986 (Ala.1988). There, the plaintiff slipped and fell after removing a bag of ice from an ice machine. The plaintiff and her witness testified that there were several puddles of water in front of the ice machine that "looked like it had been there for a while." An employee from Warehouse Groceries Management testified that after the accident he did not observe any water or any evidence of a fall. This Court held:
"Based on the evidence in the instant case, any inference that Warehouse Groceries was negligent would be the result of mere speculation. Therefore, it was not error for the trial court to grant summary judgment in favor of Warehouse Groceries."
529 So.2d at 987.
In this case, Maddox's sister testified that the substance "looked like it was trying to dry." There seems very little difference to me between "looked like it has been there for a while" and "looked like it was trying to dry."
The case of Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala.1989), relied upon by the majority, can easily be distinguished. In Cox, the plaintiff slipped and fell while walking through the produce department. After her fall, she "felt a small wet spot on the right seat of her pants." The evidence established that ice was transported to the produce department, periodically, on the day of the plaintiff's fall. Furthermore, "special rubber mats were placed in the produce aisle to keep the area clean and dry." Also, store employees were specifically assigned to maintain and inspect the produce department to ensure that it was clean and dry.
There is no evidence in this record to indicate that K-Mart employees knew the substance was on the floor prior to Maddox's fall, or that the substance had been *18 on the floor for such a length of time as to impute constructive notice. See Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874 (Ala.1982).
The summary judgment for K-Mart should be affirmed.
I, therefore, respectfully dissent.
MADDOX, ALMON and HOUSTON, JJ., concur.
NOTES
[1] The appellee's name was spelled this way in the notice of appeal and in the record. Consequently, we have used this spelling throughout the opinion.