HOUSTON, Justice
(concurring in part; concurring specially in part).
Under our standard of review of summary judgments, we must assume the facts most favorable to the nonmovant in this case, Ms. Green, and consider those facts in light of the applicable rules of law, in order to determine if there is a genuine issue of material fact that must be resolved by the trier of fact.
In support of its motion for summary judgment, Wal-Mart introduced evidence that Ms. Green’s fall was not caused by a defect or instrumentality located on Wal-Mart’s premises as a result of Wal-Mart’s negligence and of which Wal-Mart had actual or constructive notice. Brown v. Autry Greer & Sons, Inc., 551 So.2d 1049 (Ala.1989); Richardson v. Kroger Co., 521 So.2d 934 (Ala.1988); Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874 (Ala. 1982).
To counter this, Ms. Green, m her deposition, testified that she caught her foot under a mat at the entrance of Wal-Mart Store No. 863 and fell. There was evidence that the mat was not taped down and that it was “bucked up” in the middle after her fall. According to the store manager, the mat was supposed to be taped down. Considering the evidence most favorable to Ms. Green, and considering the reasonable inferences that can be drawn from this evidence, we conclude that there is a genuine issue of material fact to be resolved by a jury in regard to Ms. Green’s negligence claim.