The plaintiff, Dorothy Jean East, appeals from a summary judgment entered in favor of the defendant, Wal-Mart Stores, Inc., in her action to recover damages for personal injuries sustained in a slip and fall accident at the defendant's store. She alleged that Wal-Mart had wantonly and negligently maintained the floor of its store and that its wantonness and negligence had caused her injuries.
The record shows the following facts: On October 20, 1987, Mrs. East and her husband, Billy R. East, were shopping at a Wal-Mart store in Alexander City, Alabama. While pushing a shopping cart through the store, Mrs. East slipped and fell on a foreign substance, which appeared to be either liquid soap or lotion, and, as a result of the fall, suffered injuries to her neck and lower back. The substance was located two or three feet from the edge of an aisle leading directly to a check-out register. The source of the substance was never found. Mr. East reported the accident to a Wal-Mart employee working at the customer service desk. Both Mr. and Mrs. East testified that the substance was in one puddle before the fall and that it was white in color. They testified that, before Mrs. East's fall, the puddle did not have any "skid marks" in it, and that it appeared to them that no one else had stepped in the substance. Neither Mrs. East nor her husband knew how long the substance had been on the floor before the accident. The Easts further testified that they did not believe that Wal-Mart had any notice that the substance was on the floor until the accident was reported.
In support of its motion for summary judgment, Wal-Mart submitted the depositions of Mr. and Mrs. East. Wal-Mart also filed a memorandum brief on the date set for a hearing on the motion. Mrs. East submitted nothing in opposition to Wal-Mart's motion for summary judgment. The trial court entered a summary judgment in favor of Wal-Mart.
The only issue presented is whether, under these circumstances, the summary judgment was proper. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. That rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. Because the action in the present case was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence rule." Ala. Code 1975, § 12-21-12.
In Maddox v. K-Mart Corp., 565 So.2d 14 (Ala. 1990), this Court summarized the applicable law in "slip and fall" cases as follows:
 "[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of the customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice *Page 461 
of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance."
565 So.2d at 16.
Because Wal-Mart made a prima facie showing that it had no actual or constructive notice of the presence of the substance and that it was not derelict in failing to discover and remove the substance, and because the plaintiff presented no evidence to rebut that showing, the trial court properly entered the summary judgment in favor of Wal-Mart.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.