641 So.2d 777 (1994)
Joseph M. MILLS
v.
BRUNO'S, INC.
1921369.
Supreme Court of Alabama.
March 25, 1994.
Rehearing Denied May 6, 1994.
*778 William Dowsing Davis III of Davis & Goldberg, Birmingham, for appellant.
Frank J. Stakely and Amy C. Vibbart of Rushton, Stakely, Johnston & Garrett, P.A., for appellee.
SHORES, Justice.
Joseph Mills appeals from a summary judgment entered in favor of Bruno's Inc., in his action to recover damages for personal injuries sustained in a slip-and-fall accident. Mills alleged that Bruno's had negligently and wantonly maintained the floor at its supermarket and that its negligence and wantonness had caused his injuries. The issue before the Court is whether the trial court erred in entering a summary judgment for the defendant, Bruno's, Inc., on its conclusion that there was no genuine issue of material fact for the jury to consider. We reverse and remand.
In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990); Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). The evidence, viewed in that light, shows the following: Mills injured his left knee when he slipped in some spilled cooking oil and fell, while shopping at a supermarket owned and operated by Bruno's. A Bruno's employee was stocking shelves nearby in the aisle when Mills slipped and fell. After the fall, Mills asked the employee to get something with which he could clean the oil off his shoe. The employee left and returned with a mop.
Because Mills was an invitee, Bruno's owed him the duty to have the premises free from danger or, if the premises were dangerous, to give sufficient warning to enable him, through the use of reasonable care, to avoid the danger. Heath v. Sims Brothers Construction Co., 529 So.2d 994 (Ala.1988). Bruno's is not an insurer of Mills's safety, and it will be liable only if it failed to use reasonable care in maintaining its premises in a reasonably safe manner. Cox v. Western Supermarkets, Inc., 557 So.2d 831, 832 (Ala. 1989). At trial, the plaintiff will carry the burden of showing that the injury was proximately caused by the negligence or wantonness of the storekeeper or one of its employees. Id.
On a motion for a summary judgment, however, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact), and that he is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992); Elgin v. Alfa Corp., 598 So.2d 807, 810 (Ala. 1992); Gillion v. Alabama Forestry Ass'n, 597 So.2d 1315, 1319 (Ala.1992); Maharry v. City of Gadsden, 587 So.2d 966, 968 (Ala. 1991); Moore v. Liberty Nat'l Life Ins. Co., 581 So.2d 833, 834 (Ala.1991); Campbell v. Southern Roof Deck Applicators, Inc., 406 So.2d 910, 913 (Ala.1981); Butler v. Michigan Mut. Ins. Co., 402 So.2d 949, 951 (Ala. 1981). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, supra, at 958; see Elgin, supra, at 810-11; Gillion, supra, at 1319; Maharry, supra, at 968.
Bruno's argues that the trial judge correctly entered the summary judgment in its favor because, it says, Mills failed to present *779 substantial evidence that Bruno's had actual or constructive notice of the spilled oil. However, before Mills was required to show anything to defeat the summary judgment motion, Bruno's was required to present evidence that, if not rebutted, would require a finding that it had had no actual or constructive notice of the spilled oil before Mills slipped on that oil and fell. Whether Bruno's had actual or constructive notice that the oil was on the floor is a genuine issue of material fact. From the fact that there was a Bruno's employee stocking shelves nearby in the aisle when Mills slipped and fell, a jury could reasonably infer either that the employee was responsible for the spill or that he knew of the spill.
Because Bruno's did not make out a prima facie showing that there was no genuine issue of material fact, the burden never shifted to Mills, and the court erred in entering the summary judgment. Therefore, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, KENNEDY, INGRAM and COOK, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
While I agree with the majority that the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, I think the trial court in this case properly applied that principle and properly decided the case in favor of the defendant.
The majority states that the defendant failed to meet its burden because "[t]he evidence, viewed in [a light most favorable to the nonmovant], shows [that] Mills injured his left knee when he slipped in some spilled cooking oil and fell, while shopping at a supermarket owned and operated by Bruno's," and that "[a] Bruno's employee was stocking shelves nearby in the aisle when Mills slipped and fell." 641 So.2d at 779.
The state of the law regarding a storekeeper's liability in so-called "slip and fall" cases is somewhat confusing, and it is sometimes difficult to harmonize the factual settings with that law, but this Court in Vargo v. Warehouse Groceries Management, Inc., 529 So.2d 986 (Ala.1988), set out what I believe to be a correct statement of the law when it wrote:
"`[T]he storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury.'"
529 So.2d at 986 (quoting Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874, 876 (Ala.1982).
"The law does not place upon the defendant the duty to take extraordinary care to keep a floor completely dry or free from debris, Wal-Mart Stores, Inc. v. White, 476 So.2d 614 (Ala.1985)," Perry v. Macon County Greyhound Park, 514 So.2d 1280, 1281 (Ala.1987); nor is there an assumption of negligence that arises from the mere fact that the plaintiff has fallen and been injured. Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 408, 255 So.2d 586 (Ala.Civ.App.), cert. denied, 287 Ala. 729, 255 So.2d 592 (Ala.1971).
In entering the summary judgment for the defendant, the trial court specifically cited and followed this Court's decision in May-Bilt v. Deese, 281 Ala. 579, 206 So.2d 590 (1967). In May-Bilt, a case in which the scintilla rule of evidence applied, not the substantial evidence rule, as in this case,[1] the *780 facts were somewhat similar to the facts of this case. The plaintiff in May-Bilt argued that a defendant storekeeper had acted negligently in allowing a bean to remain on the floor because, the plaintiff contended, two employees standing nearby should have noticed the bean and removed it. This Court rejected the plaintiff's argument and held that there was no evidence that the defendant's employees saw the bean on the floor and no evidence to support a reasonable inference that they should have seen it.
In entering the summary judgment for Bruno's, the trial court concluded that it was following the precedent of May-Bilt, and it stated that it found "no evidence of actual or constructive notice merely from the fact that an employee of the defendant was nearby when the accident occurred." Furthermore, in his deposition, the plaintiff Mills testified that the oil in which he slipped was clear and clean and that no one had slipped in it before him; that he did not know how it got on the floor; that it was possible that a customer had spilled the oil only shortly before he came around the corner; and that he did not know that any Bruno's employee knew about the spilled oil.
In reversing the judgment, the majority writes, "From the fact that there was a Bruno's employee stocking shelves nearby in the aisle when Mills slipped and fell, a jury could reasonably infer either that the employee was responsible for the spill or that he knew of the spill." 641 So.2d at 779.
I believe that the majority has substantially changed the principles of law relating to a storekeeper's liability and has come measurably close to making a storekeeper strictly liable for injuries that occur to the storekeeper's customers. If a jury could conclude that "the employee was responsible for the spill or that he knew of the spill," based on the evidence in this record, then the rules relating to storekeeper liability seem to have been altered to some degree. Because of that, I must respectfully disagree with the majority's holding that a jury question is presented. I believe that Bruno's met its burden of showing that it had neither actual nor constructive knowledge that the cooking oil was on the floor and, therefore, should not be held liable for the plaintiff's injuries.
STEAGALL, J., concurs.
NOTES
[1] See § 12-21-12, Ala.Code 1975; Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989).