While I agree with the majority that the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, I think the trial court in this case properly applied that principle and properly decided the case in favor of the defendant.
The majority states that the defendant failed to meet its burden because "[t]he evidence, viewed in [a light most favorable to the nonmovant], shows [that] Mills injured his left knee when he slipped in some spilled cooking oil and fell, while shopping at a supermarket owned and operated by Bruno's," and that "[a] Bruno's employee was stocking shelves nearby in the aisle when Mills slipped and fell." 641 So.2d at 779.
The state of the law regarding a storekeeper's liability in so-called "slip and fall" cases is somewhat confusing, and it is sometimes difficult to harmonize the factual settings with that law, but this Court in Vargo v. Warehouse GroceriesManagement, Inc., 529 So.2d 986 (Ala. 1988), set out what I believe to be a correct statement of the law when it wrote:
 " '[T]he storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury.' "
529 So.2d at 986 (quoting Cash v. Winn-Dixie Montgomery, Inc.,418 So.2d 874, 876 (Ala. 1982).
"The law does not place upon the defendant the duty to take extraordinary care to keep a floor completely dry or free from debris, Wal-Mart Stores, Inc. v. White, 476 So.2d 614 (Ala. 1985)," Perry v. Macon County Greyhound Park, 514 So.2d 1280,1281 (Ala. 1987); nor is there an assumption of negligence that arises from the mere fact that the plaintiff has fallen and been injured. Delchamps, Inc. v. Stewart, 47 Ala. App. 406, 408,255 So.2d 586 (Ala.Civ.App.), cert. denied, 287 Ala. 729,255 So.2d 592 (Ala. 1971).
In entering the summary judgment for the defendant, the trial court specifically cited and followed this Court's decision inMay-Bilt v. Deese, 281 Ala. 579, 206 So.2d 590 (1967). InMay-Bilt, a case in which the scintilla rule of evidence applied, not the substantial evidence rule, as in this case,[1]
the *Page 780 
facts were somewhat similar to the facts of this case. The plaintiff in May-Bilt argued that a defendant storekeeper had acted negligently in allowing a bean to remain on the floor because, the plaintiff contended, two employees standing nearby should have noticed the bean and removed it. This Court rejected the plaintiff's argument and held that there was no evidence that the defendant's employees saw the bean on the floor and no evidence to support a reasonable inference that they should have seen it.
In entering the summary judgment for Bruno's, the trial court concluded that it was following the precedent ofMay-Bilt, and it stated that it found "no evidence of actual or constructive notice merely from the fact that an employee of the defendant was nearby when the accident occurred." Furthermore, in his deposition, the plaintiff Mills testified that the oil in which he slipped was clear and clean and that no one had slipped in it before him; that he did not know how it got on the floor; that it was possible that a customer had spilled the oil only shortly before he came around the corner; and that he did not know that any Bruno's employee knew about the spilled oil.
In reversing the judgment, the majority writes, "From the fact that there was a Bruno's employee stocking shelves nearby in the aisle when Mills slipped and fell, a jury could reasonably infer either that the employee was responsible for the spill or that he knew of the spill." 641 So.2d at 779.
I believe that the majority has substantially changed the principles of law relating to a storekeeper's liability and has come measurably close to making a storekeeper strictly liable for injuries that occur to the storekeeper's customers. If a jury could conclude that "the employee was responsible for the spill or that he knew of the spill," based on the evidence in this record, then the rules relating to storekeeper liability seem to have been altered to some degree. Because of that, I must respectfully disagree with the majority's holding that a jury question is presented. I believe that Bruno's met its burden of showing that it had neither actual nor constructive knowledge that the cooking oil was on the floor and, therefore, should not be held liable for the plaintiff's injuries.
STEAGALL, J., concurs.
[1] See § 12-21-12, Ala. Code 1975; Bass v. South-Trust Bank ofBaldwin County, 538 So.2d 794 (Ala. 1989).