ROBERTSON, Presiding Judge.
On November 4, 1997, Fannie Irby sued Wal-Mart Stores, Inc. (“Wal-Mart”), alleging that she slipped and fell while on the premises of Wal-Mart, and that she sustained injuries as a result of Wal-Mart’s negligence or wantonness. Wal-Mart answered, asserting the defenses of contributory negligence and assumption of the risk. During the litigation of the case before trial, Irby dismissed her claim of wantonness. The case was tried before a jury on Irby’s claim of negligence, and on July 28, 1999, the jury returned a verdict for Irby and awarded damages in the amount of $75,000; the trial court entered a judgment on that verdict. Wal-Mart’s alternative postjudgment motions for a judgment as a matter of law, to alter or amend the judgment, or for a new trial were denied by operation of law.
Wal-Mart appealed to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
The record reveals that on June 27, 1996, while Irby was a customer at the Wal-Mart store in Selma, she stepped in a substance on the floor that caused her to slip and fall. Irby described the substance as “clear looking,” sticky, and “half dry,” and stated that it looked as though it had been “down there a while.” Two Wal-Mart employees identified the substance as Suave brand coconut-based shampoo from the shelves of the store. Although the employees testified that the shampoo had a milky appearance, photographs taken at the time of the accident showed the substance on the floor to be more transparent.
Shirley Hamil, a Wal-Mart employee who, approximately 10 minutes before the accident, had been in the area of the store where Irby fell, testified that while she was observing a suspected shoplifter she was on her knees within 10 inches of the *1244 area of the spill but did not notice anything on the floor. However, Hamil also testified that after Irby fell, she inspected the substance on the floor and on Irby’s shoe and identified the substance as being coconut-based shampoo. She stated that she found an open bottle of the shampoo on a shelf in the area of the spill and that she saw tracks of pallet jacks, used by Wal-Mart 'to move merchandise through the store, in the same area. Hamil and other Wal-Mart employees testified that the shampoo was not sold or shelved in the area where Irby fell. Irby also presented evidence indicating that pallet jacks had moved through the area where she fell.
Wal-Mart’s sole argument is that it was entitled to a judgment as a matter of law because, it says, there was no evidence that Wal-Mart had actual or constructive notice of the shampoo on the floor where Irby fell. The applicable standard of review was set out by our Supreme Court in Ex parte Alfa Mut. Fire Ins. Co., 742 So.2d 1287, 1240 (Ala.1999):
“When reviewing a ruling on a motion for a JML, this Court uses the same standard the trial court used initially in granting or denying the motion. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3 (Ala.1997). Regarding questions of fact, the ultimate issue is whether the nonmovant has presented sufficient evidence to allow the case or issue to be submitted to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala.1992). In an action filed after June 11,1987, the nonmovant must present substantial evidence to withstand a motion for a JML. See § 12-21-12, Ala. Code 1975; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury. Carter, 598 So.2d at 1353. In reviewing a ruling on a motion for a JML, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Id. If the question is one of law, this Court indulges no presumption of correctness as to the trial court’s ruling. Ricwil, Inc. v. S.L. Pappas & Co., 599 So.2d 1126 (Ala.1992).”
In light of this standard, we consider what Irby was required to prove in order to establish liability. In Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala. 1989), our Supreme Court discussed the usual evidentiary criteria in slip-and-fall cases:
“It is well settled that a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers. Clayton v. Kroger Co., 455 So.2d 844 (Ala.1984). As this Court stated in Clayton, ‘[T]he storekeeper is not an insurer of the customer’s safety, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of his servants or employees.’ 455 So.2d at 845.”
557 So.2d at 831-32.
The court in Cox then quoted this court with respect to the burden of proof:
“In Winn-Dixie Store No. 1501 v. Brown, 394 So.2d 49 (Ala.Civ.App.1981), *1245 the Court of Civil Appeals correctly summarized the traditional burden of proof a plaintiff must carry in a slip and fall case, as follows: it is necessary for the plaintiff to prove
“‘(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance’s presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors. S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).’
394 So.2d at 50. See also, May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 509 (1967).”
557 So.2d at 832 (quoting Richardson v. Kroger Co., 521 So.2d 934, 935-36 (Ala. 1988)).
Viewing the evidence in a light most favorable to Irby, as we are required to do, Alfa, supra, we consider whether Irby presented substantial evidence that the shampoo that caused her fall was on the floor a sufficient time to impute to Wal-Mart constructive notice of a dangerous situation. The evidence strongly suggests that Irby fell as a result of spilled shampoo on the floor; the evidence also indicates that the shampoo was of a type sold by Wal-Mart. The critical question concerns the length of time that the substance had been on the floor. Wal-Mart’s argument that the evidence was insufficient to allow the jury to consider constructive notice relies on Ham-il’s testimony that she observed nothing on the floor even though she had been close to the area of the spill while following a suspected shoplifter a few minutes before Irby’s fall. Wal-Mart’s argument does not address Irby’s testimony that the shampoo was sticky and drying, nor does it address Irby’s testimony, apparently corroborated by photographs, that the shampoo appeared to be becoming transparent.
In Speer v. Pin Palace Bowling Alley, 599 So.2d 1140 (Ala.1992), our Supreme Court considered a similar situation, distinguishable only by the facts that the plaintiff in that case had slipped and fallen in a substance that she had not seen and which could not be identified, by noting analogous cases:
“See, Brown v. Autry Greer & Sons, Inc., 551 So.2d 1049 (Ala.1989) (affirming a summary judgment for the defendant where the plaintiff presented no evidence to show that the defendant had actual or constructive notice of the substance in question, or that the defendant was delinquent in not discovering and removing it); Vargo v. Warehouse Groceries Mgt., Inc., 529 So.2d 986 (Ala. 1988) (affirming a summary judgment for the defendant where the plaintiff and her only witness testified that they had no idea how long the puddle of water on which the plaintiff had slipped had been on the floor, except that it ‘looked like it had been there for a while,’ and where there was no other evidence as to how long the water had been present or that the defendant had notice of it). See, also, East v. Wal-Mart Stores, Inc., 577 So.2d 459 (Ala.1991) (affirming a summary judgment for the defendant where the plaintiff and her only witness testified that they did not know how long the substance had been on the floor and that they did not believe that the defendant had any notice the substance was there *1246 until after the accident). See Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874 (Ala.1982) (affirming a summary judgment for the defendant where there was no evidence that the defendant knew that the foreign substance had been on the floor for such a length of time ‘as to impute constructive notice’). Furthermore, in Logan v. Winn-Dixie Atlanta, Inc., 594 So.2d 83 (Ala. 1992) (in which the plaintiff testified that she did not know what the substance was that caused her to slip), the Court held that the plaintiffs evidence presented to show that her injuries were the result of the negligence of the defendants afforded nothing more than speculation, conjecture, or guess and was wholly insufficient to warrant submitting the case to the jury. But see Maddox v. K-Mart Corp., 565 So.2d 14 (Ala.1990); Ex parte Travis, 414 So.2d 956 (Ala. 1982); and S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957), in which the Court held that under the facts of some cases, testimony as to the nature and condition of the substance can be sufficient to support an inference that the defendant should have discovered a foreign substance on the floor of its premises. These cases are distinguishable from the case at issue.”
599 So.2d at 1144.
We note that the cases distinguished in Speer, supra, turn on evidence concerning the identity and condition of the substance that caused the fall, evidence that was not present in Speer or the cases it relied upon. In Maddox, supra, the court held that evidence that the substance that caused the fall appeared to be a cola soft drink that had partially dried “was at least a scintilla of evidence that the substance had been on the floor for such a length of time that constructive notice was imputed.” 565 So.2d at 16-17. Moreover, the court in Maddox quoted Vargo, supra, as follows:
“ ‘Where the substance is dirty, crumpled, or mashed, or has some other characteristic [, e.g., is “ ‘sticky,’ ”] that makes it reasonable to infer that it has been on the floor a long time, the defendant may be found to have a duty to discover and remove it.’ Vargo, supra, at 986, citing S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).”
565 So.2d at 17.
Our review of the record indicates that the jury could have reasonably concluded that Hamil, in her zeal to apprehend a shoplifter, might not have noticed the spill that caused Irby’s fall. Moreover, the photographic evidence of the spill and the evidence concerning pallet tracks in the area also offer some support for the inference that the spill had been present for a significant amount of time, notwithstanding Hamil’s testimony. We conclude that the facts of this case support the inference of constructive notice described in Vargo, supra, and are more akin to the facts set forth in Maddox than to the facts described in Speer, supra. Because we conclude that Irby presented substantial evidence from which the jury could have concluded that the spill had been present long enough to impute notice to Wal-Mart, it follows that the trial court properly denied Wal-Mart’s motion for a judgment as a matter of law. Accordingly, the judgment on the jury’s verdict is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.