CRAWLEY, Judge,
dissenting.
I conclude that the trial court erred by submitting Irby’s negligence claim to the jury. I conclude that Irby did not present substantial evidence indicating that the substance on which she slipped had been on the floor of the store a sufficient length of time to impute constructive notice to Wal-Mart. Our supreme court has stated:
“[I]t is permissible to allow the jury to infer the length of time the substance has remained on the floor from the nature and condition of the substance. Where the substance is dirty, crumpled, or mashed, or has some other characteristic that makes it reasonable to infer that it has been on the floor a long time, the [store] may be found to have a duty to discover and remove it. S.H. Kress & Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957).”
Vargo v. Warehouse Groceries Management, Inc., 529 So.2d 986 (Ala.1988).
The Vargo court held that evidence that the water on which the customer slipped “looked like it had been there for a while” was not substantial evidence of constructive notice. 529 So.2d at 987. Our supreme court has also held that testimony that the substance was a “murky liquid substance on the floor” and that “you could tell people had been walking in it” also did not provide substantial evidence that the substance had been on the floor such a length of time as to impute constructive notice to the store. Hose v. Winn-Dixie Montgomery, Inc., 658 So.2d 403, 405 (Ala. 1995).
Irby testified that the substance on which she slipped (identified by a store employee as Suave coconut shampoo) was “as best I can describe it was something kind of sticky and dry. Kind of dry. Looked like something had been down there awhile. It wasn’t something that just got there.” On cross-examination, Irby described the substance as “something clear on the floor.” She also testified on cross-examination that she could not tell if there was any dirt in the substance.
I conclude that Irby’s testimony that the substance was “sticky and dry” and “something clear on the floor” is not substantial evidence indicating that the substance had been on the floor such a length of time as to impute constructive notice to Wal-Mart.
Therefore, I would reverse; the trial court should have granted Wal-Mart’s postverdict motion for a judgment as a matter of law.
THOMPSON, J., concurs.