794 So.2d 364 (2001)
Bonnie CLONINGER and Billie Cloninger[1]
v.
WAL-MART STORES, INC.
1992183.
Supreme Court of Alabama.
March 30, 2001.
*365 Leila H. Watson and Annesley H. De-Garis of Cory, Watson, Crowder & DeGaris, P.C., Birmingham, for appellants.
Deborah Ann Payne and Dorothy A. Powell of Parsons, Lee & Juliano, P.C., Birmingham, for appellee.
HOUSTON, Justice.
On May 26, 1996, Bonnie Cloninger was a customer at a store in Gadsden operated by Wal-Mart Stores, Inc. ("Wal-Mart"). While she was in the store, a box containing a fan fell from a shelf and struck her in the back of her neck and shoulder. She and her husband sued Wal-Mart, alleging that Wal-Mart had negligently or wantonly caused the accident and Ms. Cloninger's resulting injuries. In the complaint, the husband sought damages for loss of consortium. However, at the conclusion of the trial, the Cloningers' attorneys indicated that they were not pursuing the loss-of-consortium claim.
The case was tried before a jury. The court entered a judgment as a matter of law for Wal-Mart on the wantonness claim, and the jury returned a verdict in favor of Wal-Mart on the negligence claim. The trial court entered a judgment on the verdict. Ms. Cloninger moved for a judgment as a matter of law or, in the alternative, for a new trial. After conducting a hearing on that motion, the trial court denied it. This appeal followed. (The materials filed here do not indicate why Mr. Cloninger appealed, after having told the court he was not pursuing his claim.)
*366 In Cobb v. MacMillan Bloedel, Inc., 604 So.2d 344, 345 (Ala.1992), this Court stated:
"A jury verdict is presumed to be correct, and that presumption is strengthened when the trial judge refuses to grant a new trial. In reviewing a jury verdict, the appellate court must consider the evidence in a light most favorable to the prevailing party and must set aside the verdict only if it is shown to be plainly and palpably wrong."
(Citations omitted.)
On May 26, 1996, at approximately 5:45 p.m., Ms. Cloninger entered the Wal-Mart store looking for a particular fan she wished to purchase. She testified that she went directly to the fan aisle in the house-wares department and that about halfway down the aisle, on the left, she saw a display model of the fan she wished to purchase. While looking for the price, she heard a bump (which she described as being like a bump caused by something hitting the shelf) and she then felt a hard blow to the back of her neck and shoulder. When she looked to see what had happened, she saw a fan, in a box, lying on the floor. Ms. Cloninger testified that a Wal-Mart employee approached her to see what had happened and to see if she had been injured. The incident was reported to Wal-Mart management, and an incident report was completed.
Ms. Cloninger contends that the fan that fell and struck her was an "overstock" item and that Wal-Mart had negligently placed it on the riser (the very top shelf one must use a ladder to retrieve items from this shelf) and that the fan fell from the riser and struck her because, she said, Wal-Mart had neglected to stack the fan in a stable manner on the riser.
Ms. Cloninger was a business invitee at the time of this incident. In Brown v. Autry Greer & Sons, Inc., 551 So.2d 1049, 1050 (Ala.1989), this Court stated:
"An invitor's duty to an invitee is to keep his premises in a reasonably safe condition. The owner of the premises is not an insurer of the safety of its invitees, and the principle of res ipsa loquitur is not applicable. Furthermore, there is no presumption of negligence from the mere fact of an injury to an invitee."
(Citations omitted.)
Ms. Cloninger testified that she did not know what caused the fan to fall. However, one of the physicians who treated her after the incident testified that she told him a young child knocked a fan off a shelf and that the fan struck her on the back of the head. Ms. Cloninger testified that before this incident occurred she had not seen any Wal-Mart employee stocking merchandise or up on a ladder; that other Wal-Mart customers were in and around the fan aisle; and that when she entered the fan aisle it was neat and orderly, with the merchandise flush with the shelves and with no merchandise leaning off or hanging over the shelves. She also testified that she did not look to see if any merchandise was on the risers located on the fan aisle.
Wendy Tousey, the Wal-Mart sales associate assigned to the housewares department at the time of the incident, testified that she had begun her shift at 5:00 p.m. She stated that when her shift began, she "zoned her department" for any potential problems and that she had found no fans leaning off or hanging over the edge of the shelves on the fan aisle. She also testified that on the date of the incident, there were no fans on the risers in the housewares department. She stated that she did not witness the incident because, she said, she was two aisles away from the fan aisle, but *367 she said she heard a noise and went to investigate. Tousey reported the incident to Mark Mardis, the assistant store manager on duty that day. Tousey testified that after photographs of the scene had been taken, she returned the fan to the empty space on the sales shelf located beneath the riser.
Mardis spoke with Ms. Cloninger, prepared an incident report, and took photographs of the area where the incident occurred. Mardis testified that when he arrived at the fan aisle after the incident, there were no fans on the riser and the fan aisle was neat and orderly, with no overhangs. The photographs taken after the incident on May 26, 1996, were introduced into evidence; these photographs do not show any fans on the riser, but do show an empty space on the sales shelf located beneath the riser.
This evidence was sufficient to support a finding that this incident was not caused by an act or omission on the part of Wal-Mart. Thus, it would not be proper to set aside the jury's verdict in favor of Wal-Mart on the ground of insufficient evidence.
Ms. Cloninger also contends that the trial court erred when it excluded all evidence of prior incidents of "falling merchandise" in all Alabama Wal-Mart stores except those that had occurred in the Gadsden store. Ms. Cloninger contends that she should have been allowed to introduce evidence that such incidents are not limited to the Gadsden Wal-Mart store. She argues that Wal-Mart's policy of storing merchandise on risers has serious consequences and that Wal-Mart is aware of the problem but continues to store merchandise on the risers. In Wal-Mart Stores, Inc. v. Thompson, 726 So.2d 651, 655 (Ala.1998), this Court stated:
"The standard applicable to a review of a trial court's rulings on the admission of evidence is determined by two fundamental principles. The first grants trial judges wide discretion to exclude or to admit evidence. `The test is that the evidence must ... shed light on the main inquiry, and not withdraw attention from the main inquiry.' The second principle `is that a judgment cannot be reversed on appeal for an error unless... it should appear that the error complained of has probably injuriously affected substantial rights of the parties.'"
(Citations omitted.)
The trial court restricted evidence regarding "falling-merchandise" incidents at Wal-Mart stores to those incidents that had occurred at the Gadsden Wal-Mart store and further restricted it to incidents in which items had been stacked high and had fallen onto customers. Three persons who had been injured by falling merchandise at the Gadsden store testified before the jury. We see no error in the trial court's rulings regarding evidence of "falling merchandise."
Last, Ms. Cloninger contends that this Court should reverse the judgment as a matter of law the trial court entered in favor of Wal-Mart on the wantonness claim, if it reverses the trial court's ruling on the admissibility of "falling-merchandise" incidents that had occurred at other Wal-Mart stores. We have found no error in that ruling. Ms. Cloninger presented no substantial evidence of wantonness; therefore, the court properly entered the judgment as a matter of law on the wantonness claim.
AFFIRMED.
*368 MOORE, C.J., and LYONS and WOODALL, JJ., concur.
JOHNSTONE, J., concurs in the judgment.
JOHNSTONE, Justice (concurring in the judgment).
I concur in the holding that the defense verdict is not against the great weight of the evidence and that the entry of judgment as a matter of law in favor of Wal-Mart on the plaintiffs' wantonness claim is without error. I concur in the result that the trial court did not err in excluding evidence of some hundreds of other incidents, because the plaintiffs did not accept the invitation of the trial court to introduce evidence outside the presence of the jury to establish that these other incidents were sufficiently similar to the plaintiffs' claim to warrant introduction into evidence.
NOTES
[1] The notice of appeal spells this appellant's name as "Billie Cloninger," but the complaint and other documents in the record had spelled that party's name as "Billy Cloninger."